MARSHALL HARRELL v. THE STATE.

No. 14987. Delivered March 2, 1932.

The opinion states the case.

*Luther N. Hull,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, murder; the punishment, death.

Bill of exception No. 1 relates to the remarks of the court to the jury on being advised that they were unable to agree upon a verdict. The bill shows that the following occurred: The jury, after deliberating about forty-two hours, reported to the court that they were hopelessly disagreed, and in answer to the question of the court as to how they stood, they replied that they stood eleven to one. The court looked at his watch and instructed the jury as follows: "Gentlemen, you have ten hours of this day remaining and three weeks more of the term of this court commencing next Monday. Try a little while longer." The appellant excepted to this action of the court.

A somewhat similar situation was presented in the case of Hughes v. State, 81 Texas Crim. Rep., 526, 197 S. W., 215. In that case, the jury reported to the court at 11 o'clock A. M., after deliberating forty-eight hours, that they be discharged for the reason they could not reach a verdict, whereupon the court asked the jury how they stood and the foreman replied that they stood eleven to one. The court then said, "Gentlemen, you are practically agreed. I will have to send you out again. I would not be authorized under the law to discharge you just yet." To this action of the court the appellant excepted. This court on review of this case said: "This is a matter that ought not to have occurred. This character of conduct by the court is not justified by our law. We deem it unnecessary to discuss. It is clearly erroneous and prejudicial." See, also, Golden v. State, 89 Texas Crim. Rep., 525, 232 S. W., 813.

In the case of Lagrone v. State, 84 Texas Crim. Rep., 609, 209 S. W., 411, 415, Presiding Judge Morrow, speaking for the court, said: "It is a most delicate undertaking to have verbal communications with the jurors touching the case on trial after the retirement of the jury, and should be attempted only upon rare occasions and impelled by the soundest reasons, and too much caution can not be exercised in the effort to avoid impressing the jury with the idea that the court entertains any impressions of the case which he wishes them to know, and putting before them matters which should not enter into or affect their deliberations,

such as the expense incident to a mistrial, should in all cases be avoided. To the jury the language and conduct of the trial court have a special and peculiar weight."

In Corpus Juris, vol. 16, p. 1091, sec. 2563, it is said: "It is erroneous for the court, in advising the jury, to use language or to give directions which, under the circumstances of the case, may have the effect of coercing them to agree upon a verdict."

The deliberations of a jury are not to be interfered with while they are considering the law and the testimony, which alone must control their verdict. They are by no means to be influenced by fear of continued confinement and thereby be alarmed into an agreement. The conduct and remarks of the trial judge might have been construed by the juror who stood out against the eleven as an intent on the part of the judge to hold the jury for the remaining part of the term unless he agreed with his fellows, and not even to this extent should an act of the court coerce one of the jurors into agreeing to a verdict against defendant.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, P. J., absent.