HOMER PULLEN v. THE STATE.

No. 14980.   Delivered June 8, 1932.
Reported in 51 S. W. (2d) 592.

The opinion states the case.

*J. J. Collins* and *R. W. Fairchild,* both of Lufkin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of cattle; the punishment, confinement in the penitentiary for two years.

Joe Burch, the injured party, testified that he lost a "dingy red mottle-faced cow." He said she was running on the range ten miles from his home. It appears that when he first missed the cow he found her in the possession of one Alexander, who had purchased her from appellant. The witness testified, further, that after recovering the animal from Alexander he put her in his pasture and that appellant came and took her again. He said appellant told him that he had gotten the cow and that he would like to see him get her back. The testimony of appellant's witnesses was to the effect that the cow belonged to appellant, he having bought the animal from one Lee. Further, the testimony of appellant's witnesses was to the effect that appellant in no manner attempted to conceal his possession of the cow, but that his claim to her was asserted openly and notoriously. It appears, further, that after the injured party had gotten the cow from Alexander and placed her in his

pasture, appellant refunded to Alexander $5 more than he had paid for the animal and then went to Burch's pasture and openly took possession of the cow.

After the jury had deliberated upon the case for approximately twenty-two hours and had stood during such time nine for conviction and three for acquittal, they reported to the court that they could not agree upon a verdict. The court advised the jury at the time that "there were three more days remaining in that week week, and three more weeks of the court, and the weather was pretty good, and to go and try again." This occurred on Thursday. The jury stayed out until Saturday morning, at which time they returned a verdict.

In Harrell v. State, 120 Texas Crim. Rep., 359, 47 S. W. (2d) 311, which was an appeal from the same court as is the present case, the jury, after deliberating about forty-two hours, reported to the court that they were hopelessly disagreed. The court said: "Gentlemen, you have ten hours of this day remaining and three weeks more of the term of this court commencing next Monday. Try a little while longer." In reversing the judgment because of the remarks of the judge, this court cited Hughes v. State, 81 Texas Crim. Rep., 526, 197 S. W., 215; Golden v. State, 89 Texas Crim. Rep., 525, 232 S. W., 813; Lagrone v. State, 84 Texas Crim. Rep., 609, 209 S. W., 411; and Corpus Juris, vol. 16, p. 1091. Corpus Juris was quoted from as follows: "It is erroneous for the court, in advising the jury, to use language or to give directions which, under the circumstances of the case, may have the effect of coercing them to agree upon a verdict." In the course of the opinion, the court used language as follows: "The deliberations of a jury are not to be interfered with while they are considering the law and the testimony, which alone must control their verdict. They are by no means to be influenced by fear of continued confinement and thereby be alarmed into an agreement. The conduct and remarks of the trial judge might have been construed by the juror who stood out against the eleven as an intent on the part of the judge to hold the jury for the remaining part of the term, unless he agreed with his fellows, and not even to this extent should an act of the court coerce one of the jurors into agreeing to a verdict against defendant."

In the present case we are unable to say that the conduct and remarks of the trial judge did not have the effect of influencing the three jurors who stood for acquittal to finally agree to a conviction. The holding in the case of Harrell v. State, supra, is controlling.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.