NO. 07-05-0132-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 24, 2006
_____

JUAN ANTONIO BACA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 48,664-B; HONORABLE JOHN BOARD, JUDGE
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**OPINION**

Appellant, Juan Antonio Baca, appeals from a conviction for the offense of aggravated assault with a deadly weapon and sentence enhanced by a prior conviction of 18 years confinement in the Institutional Division of the Texas Department of Criminal Justice with a fine of $5000.00. We affirm.

Factual and Procedural Background

On February 18, 2002, appellant was involved in a motor vehicle wreck with Joe Marquez (Marquez) and Celia Ramos (Ramos). Ramos and appellant had a preexisting relationship that had resulted in a child, Zane, being born. Ramos and appellant had ceased living together and their relationship was strained. At the time of the events leading to the filing of criminal charges against appellant, Marquez and Ramos were living together. On the morning in question, Marquez was driving a vehicle that belonged to Ramos and the two were dropping Ramos's children off at school. At the first intersection away from the school, appellant cut in front of Marquez's vehicle, stopped, and got out of his car. Appellant approached the driver's side of the car and started pounding on the window. Marquez backed up and fled the scene. Appellant got in his vehicle, chased Marquez and Ramos, and began running into the rear of the vehicle. The vehicle, driven by Marquez, slid sideways, struck a third vehicle, and rolled over three times. When Marquez's vehicle came to a stop, appellant went to the vehicle, broke the window on the passenger's side, pulled Zane from the vehicle, and then fled the scene with his daughter. A witness followed appellant to a residence in Amarillo and called 911 advising what he had observed. As a result of this 911 call, the police went to the residence where they found the child and arrested appellant. Based upon the evidence presented at trial, the jury convicted appellant of aggravated assault with a deadly weapon.

Appellant brings five issues on appeal. Appellant first contends that the trial court erred in refusing to give a lesser included charge for the offense of deadly conduct. Second, appellant contends that the trial court erred in admonishing a witness, allegedly

with the jury present, and thereby tainting the presumption of innocence.  Third, appellant contends that the State was guilty of prosecutorial misconduct in examining a witness, Mary Jesse Gutierrez.  Fourth, appellant claims that the admonition of the witness by the trial court consisted of a comment on the evidence and, therefore, was error.  Finally, appellant argues that the trial court committed reversible error when prior convictions of appellant were admitted for purposes of impeachment.

## Lesser Included Offense

To determine whether a lesser included offense is required to be included in a court's charge, we begin with the "Royster" test.  Royster v. State, 622 S.W.2d 442, 446 (Tex.Crim.App. 1981).  First, the lesser offense must be included within the proof necessary to establish the offense charged.  Campbell v. State, 149 S.W.3d 149, 152 (Tex.Crim.App. 2004) (citing Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex.Crim.App. 1993)).  This means that the offense must come within the dictates of article 37.09 of the Texas Code of Criminal Procedure.[1]  Campbell, 149 S.W.3d at 152 (citing Moore v. State, 969 S.W.2d 4, 6-7 (Tex.Crim.App. 1998)).  Finally under the "Royster" test, some evidence must exist in the record that would permit a jury to rationally find that if the appellant is guilty, he is guilty only of the lesser offense.  Campbell, 149 S.W.3d at 152 (citing

---

[1] An offense is a lesser included offense if: (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or (4) it consists of an attempt to commit the offense charged or an otherwise included offense.  TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 1981).

3

Rousseau, 855 S.W.2d at 672-73 and Royster, 622 S.W.2d at 446). An error which has been properly preserved by objection will call for reversal when the error is not harmless or is calculated to injure the rights of the defendant. See Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App.1984).

Appellant claims that deadly conduct is, as a matter of law, a lesser included offense of aggravated assault with a deadly weapon. To this end, appellant cites us to Honeycutt v. State, 82 S.W.3d 545 (Tex.App.– San Antonio 2002, pet. ref'd). It is true that the San Antonio court found that, under the facts of Honeycutt, deadly conduct as charged in that case was a lesser included offense of aggravated assault with a deadly weapon. However, a close reading of the case reveals that the court arrived at that conclusion only after reviewing the offense as charged with the elements of deadly conduct and the evidence adduced at trial. Honeycutt, 82 S.W.3d at 548-49. In other words, the appellate court made a case by case review. Id.; See also Campbell, 149 S.W.3d at 152. Therefore, it is not enough that deadly conduct can be a lesser included offense of aggravated assault with a deadly weapon. The appellate court must evaluate the entire record and consider both the offense charged and the facts proven to determine if an offense is a lesser included. Id.

The State posits that the charge before the court, specifically the manner and means, would prevent deadly conduct from being a lesser included of aggravated assault with a deadly weapon. Hayward v. State, 158 S.W.3d 476, 478-80 (Tex.Crim.App. 2005). In Hayward, the defendant was charged with murder by stabbing the victim. The evidence showed that the victim had been stabbed over 50 times. Defendant requested a lesser

4

included offense charge on the offense of assault because she had given a statement wherein defendant alleged she had only hit the victim with her fists. The Court of Criminal Appeals concluded that the defendant was not entitled to the lesser included because the conduct defendant alleged was not included within the conduct charged in the indictment.

The indictment in the present case charging appellant with aggravated assault with a deadly weapon alleges that appellant "intentionally or knowingly or recklessly caused bodily injury to Celia Ramos by striking her car and did then and there use or exhibit a deadly weapon, to-wit: an automobile." The deadly conduct instruction requested includes, "reckless conduct that places another in imminent danger of *serious bodily injury*." TEX. PEN. CODE ANN. § 22.05(a) (Vernon 2003) (emphasis added). Therefore, a lesser included offense placing another in imminent danger of *serious bodily injury* requires different proof than a charged offense of actually causing *bodily injury*. Thus, under the conduct charged in the indictment, the offense of deadly conduct was not a lesser included offense. Campbell, 149 S.W.3d at 152-53.

Assuming, *arguendo*, that deadly conduct is a lesser included offense of aggravated assault with a deadly weapon, as charged in the indictment, appellant cannot meet the second prong of the "Royster" test. Specifically, the evidence does not support that if the appellant is guilty he is only guilty of the lesser included offense of deadly conduct. Rather, the only rational decision that could be rendered by a jury, if they believed appellant's testimony, would be that the accident was due to Marquez's reckless driving and decision making and that appellant was not guilty of the lesser included offense. Such evidence does not require the inclusion of a lesser included offense charge. Campbell, 149 S.W.3d

5

at 152 (citing <u>Rousseau</u>, 855 S.W.2d at 672-73 and <u>Royster</u>, 622 S.W.2d 442). Therefore, we will overrule appellant's first issue.

Admonishment of the State's Witness

During the State's case in chief, the State called Mary Jesse Gutierrez (Gutierrez) to recount what appellant had told her when she spoke to him on the night of the incident while appellant was incarcerated at the Potter County jail. Because Gutierrez was living with appellant's brother, Gutierrez was a reluctant witness. Almost immediately after the State began questioning Gutierrez, the trial court excused the jury and spoke to her. Appellant complains that the action of the trial court in reprimanding Gutierrez, threatening counsel for the defense with the jury present, and then admonishing Gutierrez in the presence of the jury, combined to deny appellant of his presumption of innocence.

Upon receiving and reviewing the record, it became apparent to this court that there was significant disagreement about whether the record was correct in referencing the jury as present during the incidents complained of by appellant. Accordingly, this case was remanded to the trial court pursuant to Rule 34.6(e)(3) of the Texas Rules of Appellate Procedure, and a hearing was held to determine whether the parties could agree to a correction of the reporter's record. TEX. R. APP. P. 36.6(e)(3). If the parties could not agree to a correction, the trial court was to order the court reporter to conform the reporter's record to what occurred during trial and to certify the corrected record. <u>Id</u>. The trial court conducted a hearing pursuant to our order on March 13, 2006 and the corrected record was certified and filed with this court on March 27, 2006.

The corrected record reflects that the jury was not present when the comments to counsel and the witness were made.  The record reflects that the jury had began returning to the jury box and were stopped by the trial court when it became apparent that trial counsel was going to voice an objection.  The jury was returned to the jury room and returned to the courtroom only after the exchange between counsel and the trial court.  Because appellants issue is grounded upon the mistaken assertion that the jury was present, we conclude there was no error.

Even if we assume that the jury was present, the comments to counsel were not of a type or nature that would taint the presumption of innocence.  Appellant cites this court to Lagrone v. State, 84 Tex. Crim. 609, 209 S.W. 411, 415 (Tex.Crim.App. 1919), for the general proposition about the impartiality of the trial court and how the trial judge must guard against appearing to favor one side or the other.  Those are in fact proper recitations of the law in general; however, a review of the more recent cases addressing this point clearly demonstrate that the comments attributed to the trial judge are not of the type and nature to require reversal.  Brown v. State, 122 S.W.3d 794, 798 (Tex.Crim.App. 2003) (The trial court instructed the jury that the intent to kill could be inferred from the acts.  This was viewed as a comment of the weight of the evidence.); Blue v. State, 41 S.W.3d 129, 131 (Tex.Crim.App. 2000) (During voir dire the trial judge stated to the assembled jury panel that he preferred that the defendant plead guilty.  This demonstrated a lack of impartiality and therefore tainted the defendant's presumption of innocence.); Pullen v. State, 121 Tex. Crim. 619, 51 S.W.2d 592, 593 (Tex.Crim.App. 1932) (Trial judge told jury that had reported they were deadlocked that he had three more days in the week and three

7

more weeks in the term for them to deliberate. Held that this instruction coerced a verdict from the jury.). Therefore, even assuming, *arguendo*, that the comments to counsel were made in the presence of the jury, such comments were not of the nature to taint the presumption of innocence. Appellant's second issue is overruled.

## Prosecutorial Misconduct in the Examination of Gutierrez

Appellant next contends that the prosecutor committed misconduct in the manner in which they examined Gutierrez. Specifically, appellant contends that the prosecutor's comment "I had a heck of a time getting you here..." was clearly calculated to tell the jury that the witness was being forced to testify. Appellant's argument fails because appellant never objected to this comment at trial. TEX. R. APP. P. 33.1(a)(1)(A). Accordingly, nothing is preserved for appeal. Id. Additionally, it is noted that appellant did not provide this court with any authority for the proposition put forth in this issue; therefore, the issue would be deemed waived. TEX. R. APP. P. 38.1(h). Finally, appellant claims the statement by the prosecutor had a pernicious impact when combined with the comments of the trial court allegedly made in front of the jury which were the subject of the previous issue. As pointed out above, the corrected record indicated that the trial court's comments were not made in front of the jury. For all of the reasons aforementioned, appellant's issue is overruled.

## Trial Court's Admonishment of Gutierrez

8

Appellant contends that the admonishment of Gutierrez in front of the jury commented on the weight of the evidence and, therefore, was reversible error. Initially, the corrected record does not bear out the factual basis for appellant's contention. The record demonstrates that the jury was not present and, therefore, the admonition to Gutierrez could not be a comment on the evidence.

During the trial, after the trial court had initially admonished Gutierrez, trial counsel voiced the following objection:

> Your Honor, I think– I don't know what this young lady will say or not say. But I think these occurrences here alone, out of the presence of the jury, having her essentially intimidated by the process, is a violation of my client's right. I mean, if she doesn't want to testify, that is her business. If she doesn't want to testify, that is her business. But I think that it is – we are trying to force her into saying something that she doesn't want to say, and I object.

Appellant's objection at trial was not specific nor did it ever direct the trial court's attention that appellant was claiming the statements to Gutierrez were being construed as a comment on the weight of the evidence; therefore, the objection's lack of specificity is fatal to appellant's claim of error. TEX. R. APP. P. 33.1(a)(1)(A); Thomas v. State, 723 S.W.2d 696, 700 (Tex.Crim.App. 1986). Additionally, the objection voiced at trial does not appear to comport with the claim of error on appeal. This failure is also fatal to the claimed error. TEX. R. APP. P. 33.1(a)(1)(A); Wilson v. State, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002).

Finally, assuming the jury was present and the error was preserved, the comments by the trial court were not of the nature, extent or severity to irreparably bear on the

9

presumption of innocence. Jasper v. State, 61 S.W.3d 413, 421 (Tex.Crim.App. 2001). Therefore, appellant's fourth issue is overruled.

## Prior Convictions

Appellant's last contention is that the trial court erred in allowing prior convictions to be placed before the jury during the guilt/innocence phase of the trial. The trial courts admission of evidence is reviewed under an abuse of discretion standard. Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000). The appellate court must uphold the trial court's ruling if the admission of the evidence was within the zone of reasonable disagreement. Id. (citing Montgomery v. State, 810 S.W.2d 372, 390 (Tex.Crim.App. 1990, op. on reh'g)).

The specific objection made by trial counsel was to the convictions contained in the "pen packet" because "they are not relevant and are not impeachable in this case." Additionally, trial counsel stated, "There is also an issue of the age of the convictions. And the convictions do not have any–make any–are not relevant in this type of case." Counsel ended up his statement to the trial court stating he had no objection to introduction of the violation of the protective order. However, to the other offenses, counsel again claimed they were too old, eight years old, and are different offenses from the one on trial. We interpret the forgoing to object to the pen packet on the general basis of relevancy and remoteness. We will review accordingly.

In determining the admissibility of prior convictions, we are guided by Rule 609 of the Texas Rules of Evidence[2] and the holding of the Court of Criminal Appeals in Theus v. State. Theus v. State, 845 S.W.2d 874, 880 (Tex.Crim.App. 1992). Rule 609(a) requires the trial court to conduct a balancing test weighing the probative value of the prior conviction against any prejudicial effect. Additionally, Rule 609(b) declares that a prior conviction is not admissible if the conviction is more than ten years old. When conducting the balancing test required by Rule 609(a), the relevant inquiry is (1) the impeachment value of the prior crime; (2) the temporal proximity of the past crime relative to the charged offense and the witness's subsequent history; (3) the similarity between the past crime and the offense being prosecuted; (4) the importance of the defendant's testimony; and (5) the importance of the credibility issue. Theus, 845 S.W.2d at 880.

In reviewing the Theus factors, we must first look at the impeachment value of the prior crime. The impeachment value of crimes of deception is higher than crimes that involve violence, and the latter have a higher potential for prejudice. Id. at 881. The "pen packet" contained judgments of conviction for the offenses of burglary of a building, two burglary of a vehicle convictions, and an unauthorized use of a motor vehicle. Burglary cases are offenses involving deception. White v. State, 21 S.W.3d 642, 647 (Tex.App.–Waco 2000, pet. ref'd). The unauthorized use of a motor vehicle would, in our opinion, likewise be a crime involving deception. Therefore, the first of the Theus factors would favor admission.

---

[2] Further references to Texas Rules of Evidence will be by Rule__.

As to the temporal proximity factor, all of the offenses listed in the pen packet fall within the ten year period proscribed by Rule 609(b) and are, therefore, admissible. None of the "pen packet" offenses are similar to the charged offense. Therefore, the second and third factors favor admission. Theus 845 S.W.2d at 881.

The final two factors are related and will be discussed together. The issue of the importance of the appellant's testimony and credibility are critical by the very nature of the defense which was placed before the jury. The appellant's defensive theory, as shown by the record, was that he was trying to obtain possession of his child and that Marquez was the person who was committing the dangerous acts. But for the actions of Marquez, this entire episode would not have occurred.[3] As stated in Theus, when the case involves testimony of only the appellant and the State's witnesses, the importance of appellant's credibility and the testimony escalates. Id. As the importance of credibility and the testimony escalate so does the need to allow the State to impeach the appellant. Id. Under the facts of this case the final two factors favor admission of the "pen packet."

When all of the Theus factors are reviewed under the facts of this case the decision to allow admission of the contested "pen packet" was not an abuse of discretion. Therefore, appellant's issue involving admission of the "pen packet" is overruled.[4]

---

[3] The trial court in fact instructed the jury that they could not find the appellant guilty if they believed the conduct of Marquez was a concurrent cause of the bodily injuries of Ramos.

[4] We note that Cause No. 34,184-D, one of the offenses in the "pen packet," was also used as an enhancement to the original charge. During punishment, appellant pled true to that offense.

12

Additionally, appellant alleges that one of the convictions, Cause Number 71,671 in the County Court at Law No. 2 of Potter County, Texas, was so similar to the current case as to be prejudicial. White, 21 S.W.3d 642. However, appellant's objection at trial was only as to the remoteness of the prior convictions, therefore, the claimed error on appeal does not comport with the objection at trial. Accordingly, the error, if any, is waived. TEX. R. APP. P. 33.1(a)(1)(A); Wilson, 71 S.W.3d at 349. Therefore, appellant's fifth issue is overruled.

## Conclusion

Having overruled all of appellant's contentions, the judgment of the trial court is affirmed.

Mackey K. Hancock
Justice

Publish.

13