NO. 07-06-0008-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 14, 2006



______________________________


 

IN THE INTEREST OF T.B.D., A CHILD


_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 51,976-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

ORDER


 Appellant Eric Maiwald perfected appeal from a final judgment entered in cause
number 56,581-A terminating his parental rights to his child, T.B.D. The trial court
subsequently granted appellee Stacy Moon's motion to consolidate the case with cause
number 51,976-A, in which she sought and obtained a judgment declaring appellant the
father of T.B.D. See Tex. R. Civ. P. 174(a). The clerk's record filed in this appeal contains
only documents from cause number 56,581-A. It does not contain any agreement limiting
the clerk's record to documents filed in cause number 56,581-A. See Tex. R. App. P.
34.5(a). Pursuant to the responsibility we share with the trial court to ensure the timely
filing of the record, we direct the trial court clerk to prepare and file a supplemental clerk's
record containing the documents filed in former cause number 51,976-A and listed in Rule
of Appellate Procedure 34.5(a) within ten days of this order. Tex. R. App. P. 34.5(c).

 It is so ordered.


 Per Curiam



against appellant, Marquez and Ramos were living together. 
On the morning in question, Marquez was driving a vehicle that belonged to Ramos and
the two were dropping Ramos's children off at school. At the first intersection away from
the school, appellant cut in front of Marquez's vehicle, stopped, and got out of his car. 
Appellant approached the driver's side of the car and started pounding on the window. 
Marquez backed up and fled the scene. Appellant got in his vehicle, chased Marquez and
Ramos, and began running into the rear of the vehicle. The vehicle, driven by Marquez,
slid sideways, struck a third vehicle, and rolled over three times. When Marquez's vehicle
came to a stop, appellant went to the vehicle, broke the window on the passenger's side,
pulled Zane from the vehicle, and then fled the scene with his daughter. A witness followed
appellant to a residence in Amarillo and called 911 advising what he had observed. As a
result of this 911 call, the police went to the residence where they found the child and
arrested appellant. Based upon the evidence presented at trial, the jury convicted appellant
of aggravated assault with a deadly weapon.

 Appellant brings five issues on appeal. Appellant first contends that the trial court
erred in refusing to give a lesser included charge for the offense of deadly conduct. 
Second, appellant contends that the trial court erred in admonishing a witness, allegedly
with the jury present, and thereby tainting the presumption of innocence. Third, appellant
contends that the State was guilty of prosecutorial misconduct in examining a witness, Mary
Jesse Gutierrez. Fourth, appellant claims that the admonition of the witness by the trial
court consisted of a comment on the evidence and, therefore, was error. Finally, appellant
argues that the trial court committed reversible error when prior convictions of appellant
were admitted for purposes of impeachment. 

Lesser Included Offense 


 To determine whether a lesser included offense is required to be included in a
court's charge, we begin with the "Royster" test. Royster v. State, 622 S.W.2d 442, 446
(Tex.Crim.App. 1981). First, the lesser offense must be included within the proof
necessary to establish the offense charged. Campbell v. State, 149 S.W.3d 149, 152
(Tex.Crim.App. 2004) (citing Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex.Crim.App.
1993)). This means that the offense must come within the dictates of article 37.09 of the
Texas Code of Criminal Procedure. (1) Campbell, 149 S.W.3d at 152 (citing Moore v. State,
969 S.W.2d 4, 6-7 (Tex.Crim.App. 1998)). Finally under the "Royster" test, some evidence
must exist in the record that would permit a jury to rationally find that if the appellant is
guilty, he is guilty only of the lesser offense. Campbell, 149 S.W.3d at 152 (citing
Rousseau, 855 S.W.2d at 672-73 and Royster, 622 S.W.2d at 446). An error which has
been properly preserved by objection will call for reversal when the error is not harmless
or is calculated to injure the rights of the defendant. See Almanza v. State, 686 S.W.2d
157, 171 (Tex.Crim.App.1984). 

 Appellant claims that deadly conduct is, as a matter of law, a lesser included offense
of aggravated assault with a deadly weapon. To this end, appellant cites us to Honeycutt
v. State, 82 S.W.3d 545 (Tex.App.- San Antonio 2002, pet. ref'd). It is true that the San
Antonio court found that, under the facts of Honeycutt, deadly conduct as charged in that
case was a lesser included offense of aggravated assault with a deadly weapon. However,
a close reading of the case reveals that the court arrived at that conclusion only after
reviewing the offense as charged with the elements of deadly conduct and the evidence
adduced at trial. Honeycutt, 82 S.W.3d at 548-49. In other words, the appellate court
made a case by case review. Id.; See also Campbell, 149 S.W.3d at 152. Therefore, it is
not enough that deadly conduct can be a lesser included offense of aggravated assault with
a deadly weapon. The appellate court must evaluate the entire record and consider both
the offense charged and the facts proven to determine if an offense is a lesser included. 
Id. 

 The State posits that the charge before the court, specifically the manner and
means, would prevent deadly conduct from being a lesser included of aggravated assault
with a deadly weapon. Hayward v. State, 158 S.W.3d 476, 478-80 (Tex.Crim.App. 2005). 
In Hayward, the defendant was charged with murder by stabbing the victim. The evidence
showed that the victim had been stabbed over 50 times. Defendant requested a lesser
included offense charge on the offense of assault because she had given a statement
wherein defendant alleged she had only hit the victim with her fists. The Court of Criminal
Appeals concluded that the defendant was not entitled to the lesser included because the
conduct defendant alleged was not included within the conduct charged in the indictment. 

 The indictment in the present case charging appellant with aggravated assault with
a deadly weapon alleges that appellant "intentionally or knowingly or recklessly caused
bodily injury to Celia Ramos by striking her car and did then and there use or exhibit a
deadly weapon, to-wit: an automobile." The deadly conduct instruction requested includes,
"reckless conduct that places another in imminent danger of serious bodily injury." Tex.
Pen. Code Ann. § 22.05(a) (Vernon 2003) (emphasis added). Therefore, a lesser included
offense placing another in imminent danger of serious bodily injury requires different proof
than a charged offense of actually causing bodily injury. Thus, under the conduct charged
in the indictment, the offense of deadly conduct was not a lesser included offense. 
Campbell, 149 S.W.3d at 152-53.

 Assuming, arguendo, that deadly conduct is a lesser included offense of aggravated
assault with a deadly weapon, as charged in the indictment, appellant cannot meet the
second prong of the "Royster" test. Specifically, the evidence does not support that if the
appellant is guilty he is only guilty of the lesser included offense of deadly conduct. Rather,
the only rational decision that could be rendered by a jury, if they believed appellant's
testimony, would be that the accident was due to Marquez's reckless driving and decision
making and that appellant was not guilty of the lesser included offense. Such evidence
does not require the inclusion of a lesser included offense charge. Campbell, 149 S.W.3d
at 152 (citing Rousseau, 855 S.W.2d at 672-73 and Royster , 622 S.W.2d 442). Therefore,
we will overrule appellant's first issue.

Admonishment of the State's Witness


 During the State's case in chief, the State called Mary Jesse Gutierrez (Gutierrez)
to recount what appellant had told her when she spoke to him on the night of the incident
while appellant was incarcerated at the Potter County jail. Because Gutierrez was living
with appellant's brother, Gutierrez was a reluctant witness. Almost immediately after the
State began questioning Gutierrez, the trial court excused the jury and spoke to her. 
Appellant complains that the action of the trial court in reprimanding Gutierrez, threatening
counsel for the defense with the jury present, and then admonishing Gutierrez in the
presence of the jury, combined to deny appellant of his presumption of innocence. 

 Upon receiving and reviewing the record, it became apparent to this court that there
was significant disagreement about whether the record was correct in referencing the jury
as present during the incidents complained of by appellant. Accordingly, this case was
remanded to the trial court pursuant to Rule 34.6(e)(3) of the Texas Rules of Appellate
Procedure, and a hearing was held to determine whether the parties could agree to a
correction of the reporter's record. Tex. R. App. P. 36.6(e)(3). If the parties could not agree
to a correction, the trial court was to order the court reporter to conform the reporter's
record to what occurred during trial and to certify the corrected record. Id. The trial court
conducted a hearing pursuant to our order on March 13, 2006 and the corrected record
was certified and filed with this court on March 27, 2006. 

 The corrected record reflects that the jury was not present when the comments to
counsel and the witness were made. The record reflects that the jury had began returning
to the jury box and were stopped by the trial court when it became apparent that trial
counsel was going to voice an objection. The jury was returned to the jury room and
returned to the courtroom only after the exchange between counsel and the trial court. 
Because appellants issue is grounded upon the mistaken assertion that the jury was
present, we conclude there was no error. 

 Even if we assume that the jury was present, the comments to counsel were not of
a type or nature that would taint the presumption of innocence. Appellant cites this court
to Lagrone v. State, 84 Tex. Crim. 609, 209 S.W. 411, 415 (Tex.Crim.App. 1919), for the
general proposition about the impartiality of the trial court and how the trial judge must
guard against appearing to favor one side or the other. Those are in fact proper recitations
of the law in general; however, a review of the more recent cases addressing this point
clearly demonstrate that the comments attributed to the trial judge are not of the type and
nature to require reversal. Brown v. State, 122 S.W.3d 794, 798 (Tex.Crim.App. 2003)
(The trial court instructed the jury that the intent to kill could be inferred from the acts. This
was viewed as a comment of the weight of the evidence.); Blue v. State, 41 S.W.3d 129,
131 (Tex.Crim.App. 2000) (During voir dire the trial judge stated to the assembled jury
panel that he preferred that the defendant plead guilty. This demonstrated a lack of
impartiality and therefore tainted the defendant's presumption of innocence.); Pullen v.
State, 121 Tex. Crim. 619, 51 S.W.2d 592, 593 (Tex.Crim.App. 1932) (Trial judge told jury
that had reported they were deadlocked that he had three more days in the week and three
more weeks in the term for them to deliberate. Held that this instruction coerced a verdict
from the jury.). Therefore, even assuming, arguendo, that the comments to counsel were
made in the presence of the jury, such comments were not of the nature to taint the
presumption of innocence. Appellant's second issue is overruled.

Prosecutorial Misconduct in the Examination of Gutierrez


 Appellant next contends that the prosecutor committed misconduct in the manner
in which they examined Gutierrez. Specifically, appellant contends that the prosecutor's
comment "I had a heck of a time getting you here..." was clearly calculated to tell the jury
that the witness was being forced to testify. Appellant's argument fails because appellant
never objected to this comment at trial. Tex. R. App. P. 33.1(a)(1)(A). Accordingly, nothing
is preserved for appeal. Id. Additionally, it is noted that appellant did not provide this court
with any authority for the proposition put forth in this issue; therefore, the issue would be
deemed waived. Tex. R. App. P. 38.1(h). Finally, appellant claims the statement by the
prosecutor had a pernicious impact when combined with the comments of the trial court
allegedly made in front of the jury which were the subject of the previous issue. As pointed
out above, the corrected record indicated that the trial court's comments were not made in
front of the jury. For all of the reasons aforementioned, appellant's issue is overruled. 



Trial Court's Admonishment of Gutierrez


 Appellant contends that the admonishment of Gutierrez in front of the jury
commented on the weight of the evidence and, therefore, was reversible error. Initially, the
corrected record does not bear out the factual basis for appellant's contention. The record
demonstrates that the jury was not present and, therefore, the admonition to Gutierrez
could not be a comment on the evidence. 

 During the trial, after the trial court had initially admonished Gutierrez, trial counsel
voiced the following objection:

 Your Honor, I think- I don't know what this young lady will say or not say. 
But I think these occurrences here alone, out of the presence of the jury,
having her essentially intimidated by the process, is a violation of my client's
right. I mean, if she doesn't want to testify, that is her business. If she
doesn't want to testify, that is her business. But I think that it is - we are
trying to force her into saying something that she doesn't want to say, and I
object.


 Appellant's objection at trial was not specific nor did it ever direct the trial court's
attention that appellant was claiming the statements to Gutierrez were being construed as
a comment on the weight of the evidence; therefore, the objection's lack of specificity is
fatal to appellant's claim of error. Tex. R. App. P. 33.1(a)(1)(A); Thomas v. State, 723
S.W.2d 696, 700 (Tex.Crim.App. 1986). Additionally, the objection voiced at trial does not
appear to comport with the claim of error on appeal. This failure is also fatal to the claimed
error. Tex. R. App. P. 33.1(a)(1)(A); Wilson v. State, 71 S.W.3d 346, 349 (Tex.Crim.App.
2002).

 Finally, assuming the jury was present and the error was preserved, the comments
by the trial court were not of the nature, extent or severity to irreparably bear on the
presumption of innocence. Jasper v. State, 61 S.W.3d 413, 421 (Tex.Crim.App. 2001). 
Therefore, appellant's fourth issue is overruled.

Prior Convictions


 Appellant's last contention is that the trial court erred in allowing prior convictions to
be placed before the jury during the guilt/innocence phase of the trial. The trial courts
admission of evidence is reviewed under an abuse of discretion standard. Weatherred v.
State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000). The appellate court must uphold the trial
court's ruling if the admission of the evidence was within the zone of reasonable
disagreement. Id. (citing Montgomery v. State, 810 S.W.2d 372, 390 (Tex.Crim.App. 1990,
op. on reh'g)).

 The specific objection made by trial counsel was to the convictions contained in the
"pen packet" because "they are not relevant and are not impeachable in this case." 
Additionally, trial counsel stated, "There is also an issue of the age of the convictions. And
the convictions do not have any-make any-are not relevant in this type of case." Counsel
ended up his statement to the trial court stating he had no objection to introduction of the
violation of the protective order. However, to the other offenses, counsel again claimed
they were too old, eight years old, and are different offenses from the one on trial. We
interpret the forgoing to object to the pen packet on the general basis of relevancy and
remoteness. We will review accordingly.

 In determining the admissibility of prior convictions, we are guided by Rule 609 of
the Texas Rules of Evidence (2) and the holding of the Court of Criminal Appeals in Theus v.
State. Theus v. State, 845 S.W.2d 874, 880 (Tex.Crim.App. 1992). Rule 609(a) requires
the trial court to conduct a balancing test weighing the probative value of the prior
conviction against any prejudicial effect. Additionally, Rule 609(b) declares that a prior
conviction is not admissible if the conviction is more than ten years old. When conducting
the balancing test required by Rule 609(a), the relevant inquiry is (1) the impeachment
value of the prior crime; (2) the temporal proximity of the past crime relative to the charged
offense and the witness's subsequent history; (3) the similarity between the past crime and
the offense being prosecuted; (4) the importance of the defendant's testimony; and (5) the
importance of the credibility issue. Theus, 845 S.W.2d at 880. 

 In reviewing the Theus factors, we must first look at the impeachment value of the
prior crime. The impeachment value of crimes of deception is higher than crimes that
involve violence, and the latter have a higher potential for prejudice. Id. at 881. The "pen
packet" contained judgments of conviction for the offenses of burglary of a building, two
burglary of a vehicle convictions, and an unauthorized use of a motor vehicle. Burglary
cases are offenses involving deception. White v. State, 21 S.W.3d 642, 647 (Tex.App.-
Waco 2000, pet. ref'd). The unauthorized use of a motor vehicle would, in our opinion,
likewise be a crime involving deception. Therefore, the first of the Theus factors would
favor admission.

 As to the temporal proximity factor, all of the offenses listed in the pen packet fall
within the ten year period proscribed by Rule 609(b) and are, therefore, admissible. None
of the "pen packet" offenses are similar to the charged offense. Therefore, the second and
third factors favor admission. Theus 845 S.W.2d at 881.

 The final two factors are related and will be discussed together. The issue of the
importance of the appellant's testimony and credibility are critical by the very nature of the
defense which was placed before the jury. The appellant's defensive theory, as shown by
the record, was that he was trying to obtain possession of his child and that Marquez was
the person who was committing the dangerous acts. But for the actions of Marquez, this
entire episode would not have occurred. (3) As stated in Theus, when the case involves
testimony of only the appellant and the State's witnesses, the importance of appellant's
credibility and the testimony escalates. Id. As the importance of credibility and the
testimony escalate so does the need to allow the State to impeach the appellant. Id. 
Under the facts of this case the final two factors favor admission of the "pen packet." 

 When all of the Theus factors are reviewed under the facts of this case the decision
to allow admission of the contested "pen packet" was not an abuse of discretion. 
Therefore, appellant's issue involving admission of the "pen packet" is overruled. (4)

 Additionally, appellant alleges that one of the convictions, Cause Number 71,671
in the County Court at Law No. 2 of Potter County, Texas, was so similar to the current
case as to be prejudicial. White, 21 S.W.3d 642. However, appellant's objection at trial
was only as to the remoteness of the prior convictions, therefore, the claimed error on
appeal does not comport with the objection at trial. Accordingly, the error, if any, is waived. 
 Tex. R. App. P. 33.1(a)(1)(A); Wilson, 71 S.W.3d at 349. Therefore, appellant's fifth issue
is overruled.

Conclusion


 Having overruled all of appellant's contentions, the judgment of the trial court is
affirmed.


 Mackey K. Hancock

 Justice



Publish. 
1. An offense is a lesser included offense if: (1) it is established by proof of the same
or less than all the facts required to establish the commission of the offense charged; (2)
it differs from the offense charged only in the respect that a less serious injury or risk of
injury to the same person, property, or public interest suffices to establish its commission;
(3) it differs from the offense charged only in the respect that a less culpable mental state
suffices to establish its commission; or (4) it consists of an attempt to commit the offense
charged or an otherwise included offense. Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon
1981). 
2. Further references to Texas Rules of Evidence will be by Rule__.
3. The trial court in fact instructed the jury that they could not find the appellant guilty
if they believed the conduct of Marquez was a concurrent cause of the bodily injuries of
Ramos.
4. We note that Cause No. 34,184-D, one of the offenses in the "pen packet," was
also used as an enhancement to the original charge. During punishment, appellant pled
true to that offense.