

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00169-CR

MICHAEL RAY TREVINO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2012-435,442, Honorable Jim Bob Darnell, Presiding

July 17, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Michael Ray Trevino appeals his conviction of aggravated assault with a deadly weapon. His two issues implicate the jury charge and the trial court's refusal to instruct the jury on 1) the purported lesser included offense of deadly conduct and 2) the defense of necessity. We affirm.

*Background*

The charge arose from appellant dragging Juanita Rodriguez alongside a car he was driving. That she suffered injuries was undisputed. Nor does anyone deny that appellant knew Juanita was hanging on to the vehicle as he drove away. And, what

precipitated the incident was a night of drinking between Juanita, appellant, appellant's girlfriend (Elia), and another male (Issac). After appellant called the two females "trash," the females and appellant began to argue. That led to appellant entering Elia's car, Juanita approaching it to either remove therefrom property she owned or the keys from the ignition, and appellant driving away with the female attached to it. Other evidence indicates that while attempting to drive away, appellant also struck Elia and Issac with the vehicle.

At trial, appellant asked the trial court to include in its jury charge instructions on the purported lesser included offense of deadly conduct and the defense of necessity. The request was denied, and that denial forms the basis of this appeal.

*Lesser Included Offense*

Though we could venture into a discourse about the jurisprudence related to lesser included offenses, it is not necessary here. Rather, all must agree that of the multiple elements to the applicable test, one requires the presence of some evidence that would permit a rational jury to find that if the accused is guilty, he is guilty **only** of the lesser offense. *Cavazos v. State*, 382 S.W.3d 377, 383 (Tex. Crim. App. 2012); *Baca v. State*, 223 S.W.3d 478, 480 (Tex. App.—Amarillo 2006, no pet.).

Here, the indictment upon which appellant was tried averred therein that he:

> . . . on or about the 20th day of May, AD. 2012 did then and there intentionally, knowingly, or *recklessly* cause bodily injury to JUANITA RODRIGUEZ by striking or dragging . . . [her] and the defendant did then and there use or exhibit a deadly weapon, to-wit: a motor vehicle, during the commission of said assault . . .

(Emphasis added).

This language generally tracks the offense of aggravated assault found under section 22.01(a)(1) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 22.01(a)(1)

2

(West Supp. 2013) & § 22.02(a) (West 2011) (stating that one commits aggravated assault if he intentionally, knowingly, or recklessly caused bodily injury to another and used or exhibited a deadly weapon during the assault). Yet, according to appellant, the charged offense and evidence presented at trial encompassed proof of deadly conduct. According to statute, the latter arises when a person recklessly engages in conduct that places another in imminent danger of serious bodily injury. *Id.* § 22.05(a).

Appellant believed he was entitled to the instruction because "[i]n this case . . . [his] actions . . . were either directed toward Juanita and met the culpability requirements of aggravated assault with a deadly weapon, or they were simply acts of deadly conduct that recklessly exposed Juanita to the risk of serious bodily injury or death." In other words, because some evidence indicated that his act of exposing Juanita to imminent danger of serious bodily injury by dragging her with the car occurred with a reckless mindset, the deadly conduct instruction was warranted.

Yet, appellant cites us to no evidence (nor did we uncover any evidence suggesting) that 1) he did not drag Juanita along as he attempted to drive away, 2) he did not know Juanita was attached to the car as he attempted to leave, or 3) Juanita suffered no bodily injury due to being dragged along the car as he left. And, given that both the jury charge and statute authorized conviction for aggravated assault with a deadly weapon if appellant acted with a reckless *mens rea*, it appears that acting recklessly did not permit conviction *only* for deadly conduct. The jury could have accepted his argument that he only acted recklessly and still convicted him of either offense. So, the mandate of *Cavazos* went unsatisfied, and that entitled the trial court to refuse to instruct on deadly conduct.

3

*Necessity*

Next, the defense of necessity arises where, among other things, the accused reasonably believed his conduct was immediately necessary to avoid imminent harm. TEX. PENAL CODE ANN. § 9.22 (West 2011); *see Mays v. State*, 318 S.W.3d 368, 385 (Tex. Crim. App. 2010) (stating that "each of these justification defenses requires that the defendant reasonably believe that his conduct is immediately necessary to avoid a greater harm"). Furthermore, a reasonable belief is one "that would be held by an ordinary and prudent man in the same circumstances as the actor." TEX. PENAL CODE ANN. § 1.07(42) (West Supp. 2013); *Mays v. State*, 318 S.W.3d at 385. It merits comment that because the defense is in the nature of confession and avoidance, the accused must admit to both committing the criminal act and having the requisite *mens rea* before he can utilize the defense. *Juarez v. State*, 308 S.W.3d 398, 404 (Tex. Crim. App. 2010).

Finally, since the applicable law requires that the accused reasonably believe his conduct was necessary to avoid harm, we cannot but acknowledge two components. They consist of an actual belief that his conduct was necessary to avoid harm and that the belief was reasonable. So, evidence must appear of record illustrating the presence of both before that prong of the necessity defense is satisfied.

Appellant did not testify at his trial. Thus, he did not personally admit to committing the act for which he was charged or having the applicable *mens rea*. Nor did he cite us to anything of record indicating that he otherwise satisfied the prerequisite mentioned in *Juarez*.

The decision to forego testifying also means that he did not disclose what belief, if any, he held when attempting to leave while dragging Juanita along with the car. Nor

4

did appellant cite us to anything of record indicating what he actually believed. And while fact may be inferred from circumstantial evidence, the inference must be subject to being reasonably inferred from the fact. *See Goad v. State*, 354 S.W.3d 443, 449-50 (Tex. Crim. App. 2011). Arguably, appellant attempts to infer the presence of the requisite belief by alluding to the verbal argument transpiring before he tried to leave, Juanita reaching into the car to get either the vehicle's keys or her property, and Isaac (a member of the same prison gang in which appellant was a member) standing nearby. Yet, again, we were directed to no evidence of any physical aggression, or threat thereof, being aimed at him. Nor were we referred to evidence that Isaac did anything more than simply stand within the vicinity of the car. Without such additional data, one could not reasonably infer what appellant believed, much less that he reasonably believed dragging Juanita alongside the car was necessary to avoid some unproven, yet supposedly imminent, harm.[1]

Simply put, appellant failed to establish the presence of evidence satisfying the first element of his supposed necessity defense. So, the trial court did not err in denying the instruction.

We overrule appellant's issues and affirm the judgment.


Brian Quinn
Chief Justice


Do not publish.

---

[1] We did find evidence of his telling others that "I think I hurt Elia," "[s]he drove me to it," "I don't know if I killed her," and he "was pissed at her." It, however, fails to fill the void because, at best, it illustrates that he acted from anger, not a belief about the presence of harm requiring the response he undertook.

5