In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-19-00277-CR**

**JUSTIN LEE HAMLIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Cause No. 19-05-07474-CR**

**MEMORANDUM OPINION**

A jury convicted Justin Lee Hamlin of assault causing bodily injury to a family member, enhanced by a previous conviction for assault family violence. Following Hamlin's punishment hearing, the trial court assessed Hamlin's punishment as a habitual offender at fifty years of confinement. In two issues, Hamlin complains that the trial court erred by admitting extraneous-offense evidence and that his counsel provided ineffective assistance by failing to adequately inform him regarding the range of punishment. We affirm the trial court's judgment.

1

PERTINENT BACKGROUND

The record shows that during the guilt-innocence phase, the State presented a stipulation of evidence in which Hamlin admitted that he had a previous conviction for assault against a member of his family or household. During opening statements, defense counsel indicated that he intended to call Hamlin to testify. The trial court conducted a bench conference prior to the defense calling Hamlin as a witness, during which the State requested a ruling regarding whether it could impeach Hamlin's credibility with his prior convictions under Rule 609 of the Texas Rules of Evidence. *See* Tex. R. Evid. 609. Specifically, the State indicated that it intended to impeach Hamlin with the following prior convictions: (1) burglary of a habitation in 2009; (2) theft in 2009; (3) burglary of a habitation in 2011; (4) unauthorized use of a motor vehicle in 2012; (5) evading arrest with a motor vehicle in 2012; (6) possession of a controlled substance in 2014; (7) possession of a controlled substance in 2018; and (8) terroristic threat in 2017.

Defense counsel objected to the admission of Hamlin's prior convictions as being unduly prejudicial under Rule 403. *See* Tex. R. Evid. 403. The record shows that in determining whether the probative value of Hamlin's prior convictions outweighs the prejudicial effect, the trial court considered the balancing test under Rule 403 and the relevant factors under Rule 609. After the trial court ruled that the State could present evidence of Hamlin's prior convictions for impeachment

2

purposes, Hamlin declined to testify, and evidence of Hamlin's prior convictions was not admitted during guilt-innocence.

ANALYSIS

In issue one, Hamlin argues that the trial judge erred by allowing the admission of evidence of his prior convictions during guilt-innocence, causing him to forfeit his substantial right to testify. We review a trial court's admission of extraneous offense or acts under an abuse of discretion standard. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). We must uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Wheeler v. State*, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002).

Rule 403 provides that the trial court may exclude evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. Tex. R. Evid. 403. Unfair prejudice refers to an undue tendency to suggest decision on an improper basis, commonly, an emotional one. *Cohn v. State*, 849 S.W.2d 817, 820 (Tex. Crim. App. 1993). Once a Rule 403 objection is raised, the trial court must balance the probative value of the evidence against its potential for unfair prejudice. *Montgomery*, 810 S.W.2d at 389. Rule 403 presumes that relevant evidence will be more probative than prejudicial, and the burden is on the appellant

3

to demonstrate that the negative attributes of the admitted evidence outweigh its probative value. *Boone v. State*, 60 S.W.3d 231, 239 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

Generally, the trial court must admit evidence of a criminal conviction offered to impeach a witness's character for truthfulness if: "(1) the crime was a felony or involved moral turpitude . . . ; (2) the probative value of the evidence outweighs its prejudicial effect to a party; and (3) it is elicited from the witness or established by public record." Tex. R. Evid. 609(a). For criminal convictions that are more than ten years old or when it has been more than ten years since the witness's release from confinement for the conviction, Rule 609 provides that evidence of such a remote criminal conviction is only admissible if it is shown that "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Tex. R. Evid. 609(b).

The Court of Criminal Appeals sets out a non-exclusive list of factors that we should consider when determining whether the probative value of a prior conviction outweighs its prejudicial effect, including: (1) the impeachment value of the prior crime; (2) the temporal proximity of the past crime relative to the charged offense and the witness's subsequent history; (3) the similarity between the prior conviction and the offense being prosecuted; (4) the importance of the witness's testimony; and (5) the importance of the credibility issue. *Theus v. State*, 845 S.W.2d 874, 880 (Tex.

4

Crim. App. 1992). The impeachment value of crimes that involve deception is higher than those involving violence, while crimes involving violence have a higher potential for prejudice. *Id.* at 881. If the prior conviction at issue relates more to deception, then the first factor weighs in favor of admission. *Id.*

Temporal proximity "favor[s] admission if the past crime is recent and if the witness has demonstrated a propensity for running afoul of the law." *Id.* However, if the past crimes are similar to the current charge, then admission is disfavored because the jury might convict on the perception of a past pattern of similar conduct instead of on the facts of the charged case. *Id.* The last two factors are related and favor admission when the case involves only the testimony of the defendant and the State's witnesses because this escalates the importance of the defendant's credibility and testimony. *Id.* The *Theus* factors are not exclusive and "[t]he application of these factors . . . cannot be performed with mathematical precision[.]" *Id.* at 880.

Hamlin does not dispute that his eight prior convictions were either felony convictions or involved crimes of moral turpitude or that the prior convictions were too remote to be admissible under Rule 609. Hamlin appears to argue that the trial court erred in admitting evidence of his prior convictions because the probative value of his prior convictions is substantially outweighed by the danger of unfair prejudice and misleading the jury, and that the error was harmful because it violated his substantial rights.

In evaluating whether the trial court abused its discretion by determining that evidence of Hamlin's prior convictions was admissible under Rule 609, we consider the *Theus* factors. *See Theus*, 845 S.W.2d at 880. The impeachment value of Hamlin's convictions for burglary of a habitation, unauthorized use of a motor vehicle, and theft is high because they are convictions for crimes of deception. *See Huerta v. State*, 359 S.W.3d 887, 892 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Baca v. State*, 223 S.W.3d 478, 484 (Tex. App.—Amarillo 2006, no pet.). Thus, factor one favors admission of these convictions. Factor one does not favor the admission of Hamlin's two convictions for possession of a controlled substance because the offense does not involve deception and is not a crime of moral turpitude. *See Denman v. State*, 193 S.W.3d 129, 136 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). Because Hamlin has not cited any legal authority showing that evading arrest with a motor vehicle is a crime of moral turpitude and because we are not aware of any, factor one weighs against its admission. The first factor also weighs against admitting Hamlin's conviction for terroristic threat against his mother because crimes involving the threat of violence have a higher potential for prejudice. *See Theus*, 845 S.W.2d at 881.

The second factor favors admission of a prior conviction if the past crime is recent and if the witness has demonstrated a propensity for running afoul of the law. *Id.* at 881. Hamlin was charged with committing the current offense in 2019, and the

6

record shows his prior convictions in 2018, 2017, 2014, 2012, 2011, and 2009 all occurred within the ten-year limitations period in Rule 609(b). *See* Tex. R. Evid. 609(b). The relative recency of Hamlin's prior convictions and his demonstrated propensity for lawlessness favor admission.

The third factor disfavors the admission of past crimes that are similar to the current charge. *Theus*, 845 S.W.2d at 881. Because the trial court noted that Hamlin's prior conviction for terroristic threat against his mother might be similar to the current charge of family violence, this factor weighs against the admissibility of the conviction for terroristic threat.

The fourth factor relates to the importance of a defendant's testimony at trial, and the fifth factor relates to the importance of a defendant's credibility as a witness. *Id.* These two factors are related and favor admission when the case involves only the testimony of the defendant and the State's witnesses because this escalates the importance of the defendant's credibility and testimony. *Id.* This case involved the testimony of the State's witnesses and only two defense witnesses, Hamlin and his mother. Factors four and five weigh in favor of admission because Hamlin's testimony and credibility were important. *See id.*

Given that all five factors weigh in favor of allowing the State to impeach Hamlin with the admission of his convictions for burglary of a habitation, theft, and unauthorized use of a mother vehicle; four factors weigh in favor of admitting his

7

convictions for evading arrest with a motor vehicle and possession of a controlled substance; and three factors weigh in favor of admitting his conviction for terroristic threat, we cannot conclude that the trial court abused its discretion by allowing the admission of evidence of Hamlin's prior convictions during guilt-innocence to impeach his credibility under Rule 609. *See Moses*, 105 S.W.3d at 627. Additionally, because the record shows that the trial court conducted the required balancing test under Rule 403, we conclude that the trial court's determination that Hamlin's prior convictions were not prohibited by Rule 403 falls within the zone of reasonable disagreement. *See Wheeler*, 67 S.W.3d at 888. We overrule issue one.

In issue two, Hamlin argues that trial counsel provided ineffective assistance by failing to adequately inform him regarding the range of punishment. To establish ineffective assistance of counsel, a defendant must satisfy the following test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "Appellate review of defense counsel's

8

representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). The record on direct appeal normally will not be sufficient to show that counsel's representation was so deficient and lacking in tactical or strategic decisionmaking to overcome the presumption that counsel's conduct was reasonable and professional. *Id.* The defendant must prove, by a preponderance of the evidence, that there is no plausible professional reason for counsel's specific act or omission. *Id.* at 836.

The record shows that Hamlin filed a motion for new trial, but he failed to allege ineffective assistance of counsel. Hamlin has not developed a record in the trial court explaining trial counsel's conduct. *See id.* at 833-34. In the absence of a record that affirmatively demonstrates counsel's alleged ineffectiveness, we cannot find that trial counsel provided ineffective assistance. *See Thompson*, 9 S.W.3d at 813. We overrule issue two. Having overruled each of Hamlin's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on January 26, 2021
Opinion Delivered February 17, 2021
Do Not Publish

Before Golemon, C.J., Kreger and Johnson, JJ.

9