NO. 07-06-0400-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 24, 2008

_____

JULIO ANTONIO NEVAREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 51,579-E; HONORABLE ABE LOPEZ, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Julio Antonio Nevarez appeals from his jury conviction of the offense of murder and his resulting sentence of imprisonment for a term of twenty-five years in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Factual Background

Appellant's indictment charged that he intentionally and knowingly caused the death of Edgar Alex Avila, by stabbing him with a knife.[1]  Following his plea of not guilty, the matter proceeded to trial by jury.  At trial, the State's evidence showed that during the early morning hours on a night in May 2005, bar patrons were leaving a local bar.  As several individuals approached the parking lot, the victim and a friend of appellant began fighting.  A two-minute altercation ensued and after the victim and the friend were separated by a security guard, appellant came from behind the victim and stabbed him in the neck with a knife.  The victim later died from this wound.

Appellant testified at trial, claiming self-defense and "accident." At the close of the evidence, appellant submitted proposed jury instructions on self-defense and on manslaughter as a lesser-included offense.   The court included the requested instruction on self-defense, but denied the manslaughter charge.  The jury returned a verdict of guilty as alleged in the indictment and assessed punishment against appellant at confinement for a term of twenty-five years.  This appeal followed.

Analysis

By his sole issue on appeal, appellant contends the trial court abused its discretion by failing to instruct the jury on the lesser-included offense of manslaughter, thereby

---

[1] *See* Tex. Penal Code Ann. § 19.02(b)(1) (Vernon 2003).  This is a second degree felony punishable by imprisonment for life or for any term of not more than 99 years or less than 5 years.  Tex. Penal Code Ann. § 12.32 (Vernon 2003).

denying appellant due process and equal protection of the law. We find appellant was not entitled to a manslaughter instruction.

If facts are elicited during trial that raise an issue of a lesser-included offense and a charge is properly requested, then a charge on the issue must be given. *Ross v. State,* 861 S.W.2d 870, 877 (Tex.Crim.App. 1992). The Court of Criminal Appeals has established a two-pronged test to determine whether a defendant is entitled to a charge on a lesser-included offense. *Skinner v. State,* 956 S.W.2d 532, 543 (Tex.Crim.App. 1997); *Aevalo v. State,* 943 S.W.2d 887, 889 (Tex.Crim.App. 1997); *Royster v. State,* 622 S.W.2d 442 (Tex.Crim.App. 1981). *See also Hall v. State,* 225 S.W.3d 524, 535 (Tex.Crim.App. 2007) (applying test); *Baca v. State,* 223 S.W.3d 478, 480 (Tex.App.–Amarillo 2006, no pet.). First, the lesser-included offense must be included within the proof necessary to establish the offense charged, and, second, some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty *only* of the lesser offense. *Skinner,* 956 S.W.2d at 543, *citing Rousseau v. State,* 855 S.W.2d 666, 673 (Tex.Crim.App. 1993). *See also Hall,* 225 S.W.3d at 535-36; *Moore v. State,* 969 S.W.2d 4 (Tex.Crim.App. 1998).

In deciding whether the issue of a lesser-included offense is raised, we look to all the evidence presented at trial. *Havard v. State,* 800 S.W.2d 195, 216 (Tex.Crim.App. 1989); *Grotti v. State,* 209 S.W.3d 747, 773 (Tex.App.–Fort Worth 2006), *aff'd*, 2008 WL 2512832 (Tex.Crim.App. 2008). The credibility of the evidence and whether it is controverted or conflicts with other evidence may not be considered. *Havard,* 800 S.W.2d

3

at 216. Furthermore, it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense. *Skinner,* 956 S.W.2d at 543. Rather, there must be some evidence directly germane to a lesser-included offense for the fact-finder to consider before an instruction on a lesser-included offense is warranted. *Id.* The defendant's testimony alone may be sufficient to raise the issue of a lesser-included offense. *Lugo v. State,* 667 S.W.2d 144, 147 (Tex.Crim.App. 1984).

The parties agree the first prong of the test is satisfied. The indictment charged appellant with murder as defined in § 19.02(b)(1) of the Penal Code, requiring proof that he intentionally or knowingly caused Avila's death. Appellant could have been convicted of manslaughter on proof that he recklessly caused Avila's death. *See* Tex. Penal Code Ann. § 19.04 (Vernon 2003) (defining manslaughter). Manslaughter thus was a lesser-included offense of the charged murder. *See* Tex. Code Crim. Proc. Ann. art. 37.09(3) (Vernon 2006) (offense is lesser-included offense if, *inter alia*, it differs from offense charged only in respect that a less culpable mental state suffices to establish its commission); *Schroeder v. State,* 123 S.W.3d 398, 400 (Tex.Crim.App. 2003) (voluntary manslaughter is lesser-included offense of murder under Code of Criminal Procedure article 37.09(3)).[2]

Appellant testified that at closing time, he left the bar behind his friend. The bar's doorway was crowded with patrons leaving the bar. He saw the altercation between his

---

[2] Courts sometimes also phrase the first prong of the test as requiring that the asserted lesser-included offense come within the provisions of article 37.09. *See Moore*, 969 S.W.2d at 6-7; *Baca*, 223 S.W.3d at 480.

friend and the victim. He testified that he was sensitive to such situations because he and his brother had been injured in a bar assault in 2003. As he was leaving the bar, someone hit him in the back, causing him to fall to one knee. He was punched in the forehead and the back of his head and was kicked in the buttocks. His sunglasses were knocked off the back of his head and his medallion was broken and ripped off his neck. He "panicked" and reached for and opened his pocket knife. He testified that when he took the knife out he "was scared. [He] didn't know what was going on. [He] didn't know what was happening to [his] friend. [He] didn't know what was going to happen to [him]." He yelled out twice "get away, I have a knife" and swung the knife fast, making contact. He testified that while he knew the knife was making contact, he "didn't think it was that bad." [3]

Appellant further testified that at some point, he realized he was struggling with the victim. The victim was pushing him down and hitting him in the back of his head. Appellant continued his erratic movements with the knife until he felt blood on him. He saw the victim holding his neck, realized that he injured the victim, and pushed away.[4] Later in his testimony, appellant characterized the stabbing as "an accident," then said he "was just trying to protect myself."

Application of the second prong of the test requires that there exist in the record some evidence that appellant was reckless in causing the death of the victim, but did not

---

[3] The record indicates that the victim sustained several superficial stab wounds and abrasions in addition to the stab wound in his neck.

[4] The record also reflects that appellant cut another individual across the cheek and nostril.

act intentionally or knowingly. *See Adanandus v. State,* 866 S.W.2d 210, 232 (Tex.Crim.App. 1993) (applying second prong analysis). Section 6.03(c) of the Texas Penal Code provides that a person's conduct is reckless when he "is aware of but consciously disregards a substantial and unjustifiable risk . . . the result will occur." Tex. Penal Code Ann. § 6.03(c) (Vernon 2003). In contrast, one acts intentionally "when it is his conscious objective or desire to engage in the conduct or cause the result" or knowingly "when he is aware that his conduct is reasonably certain to cause the result." *Id.* In other words, for appellant to receive an instruction on the lesser included offense of manslaughter, a rational jury must be able to find that appellant behaved in such a way that he consciously disregarded a substantial and unjustifiable risk toward the victim, but was not aware that his conduct was reasonably certain to cause the victim's death. *Id.*; *Chavez v. State,* No. 07-03-0509-CR, 2005 WL 1403992 (Tex.App.–Amarillo June 15, 2005, no pet.) (mem. op., not designated for publication).

Appellant points to his statement that the stabbing was "an accident." In determining whether there is evidence to support a requested recklessness charge, courts have found a statement that a defendant did not intend to kill the victim "cannot be plucked out of the record and examined in a vacuum." *Godsey v. State,* 719 S.W.2d 578, 584 (Tex.Crim.App. 1986); *see Martinez*, 16 S.W.3d at 847. Neither is appellant's statement that the stabbing "was an accident" properly plucked from the record and examined in a vacuum.[5] Viewed in context, we do not agree it provides evidence appellant was aware

---

[5] The context of appellant's statement was the following:
Q: (by counsel):   What was your feeling about this today as we sit here?
A: (by appellant):   If I could take it back, I wish–I wish I would never have been there.

6

of but consciously disregarded a substantial and unjustifiable risk that his actions would result in Avila's death. In response to the very next question, appellant asserted he "was just trying to protect myself," returning to his consistent theme that he was responding to the attacks on him, and was acting in fear of his life.

Moreover, this court and others have held that the justification of self-defense is inconsistent with a claim that the defendant acted only recklessly. *See Chavez v. State,* 2005 WL 1403992 at *2, *citing Martinez v. State,* 16 S.W.3d 845, 848 (Tex.App.–Houston [1st Dist.] 2000, pet. ref'd]); *Johnson v. State,* 915 S.W.2d 653, 659 (Tex.App.–Houston [14th Dist.] 1996, pet. ref'd) (all holding "one cannot accidentally or recklessly act in self-defense"); *accord, Avila v. State*, 954 S.W.2d 830, 843 (Tex.App.–El Paso 1997, pet. ref'd) (holding defendant's testimony he acted in self-defense precluded an instruction on reckless discharge of weapon). We find that holding applicable here.

As did the defendant in *Chavez,* 2005 WL 1403992 at *2, appellant here relies on *O'Brien v. State,* 89 S.W.3d 752 (Tex.App.–Houston [1st Dist.] 2002, pet. ref'd). There, the defendant intentionally aimed a gun at the victim in self-defense but was struck over the head with a board, causing him to clench and fire the gun accidentally. *Id.* at 755-56. The court determined the evidence was sufficient to suggest the defendant recklessly caused

---

Q: Do you wish that you never had been there because of what has happened to you or because of what has happened to Mr. Avila?
A: I do not think it should have turned out like that. It was an accident.
Q: It was an accident?
A: Yes, sir.
Q: Did you have any idea that you were going to cause the damage that you caused in this particular incident?
A: No sir, I was just tying to protect myself. If I could take it back, I would.

7

the death of the victim and entitled him to an instruction on the lesser offense of involuntary manslaughter. *Id.* *O'Brien* is of the category of cases that involve evidence a weapon accidentally discharged. *See, e.g., Hayes v. State*, 728 S.W.2d 804, 809-10 (Tex.Crim.App. 1987), cited in *Johnson*, 915 S.W.2d at 659. This is not such a case, and *O'Brien* is inapposite.

For these reasons, we find the second prong of the test is not satisfied. The trial court did not err in refusing to instruct the jury on the lesser included offense of manslaughter. Accordingly, we overrule appellant's issue on appeal, and affirm his conviction and sentence.

James T. Campbell
Justice

Publish.