IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00069-CR

 

Jason Brent Bishop,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 40th District
Court

Ellis County, Texas

Trial Court No. 32297CR

 



MEMORANDUM  Opinion



 








            A jury convicted Jason Brent
Bishop of murder and assessed his punishment at life imprisonment.  Bishop
contends in six points that: (1) the evidence is legally and factually insufficient
to support the jury’s rejection of his self-defense claim; (two points) (2) the
court erred by denying his request for a charge on the lesser-included offense
of manslaughter; (3) the court’s sua sponte objections to defense
counsel’s cross-examination of witnesses was a comment on the evidence and was
prejudicial; (4) the prosecutor engaged in harmful misconduct by prompting a
bailiff to remove several weapons from the witness stand as Bishop testified
and by making an improper argument regarding parole law; and (5) the cumulative
effect of these errors was so great that reversal is required.  We will affirm.

Sufficiency of the Evidence

            Bishop contends in his first
and second points respectively that the evidence is legally and factually
insufficient to support the jury’s rejection of his self-defense claim.

            In reviewing a claim of
legal insufficiency with regard to the rejection of a defense, we do not look
to whether the State has presented evidence refuting the defense.  Saxton v.
State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991); Dudzik v. State,
276 S.W.3d 554, 557 (Tex. App.—Waco 2008, pet. ref’d).  Rather, we view all the
evidence in a light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements beyond a
reasonable doubt and also could have found against the defendant on the defense
beyond a reasonable doubt.  Saxton, 804 S.W.2d at 914; Dudzik,
276 S.W.3d at 557.

            In reviewing a claim of factual
insufficiency with regard to the rejection of a defense, we review all of the
evidence in a neutral light and ask whether the State’s evidence taken alone is
too weak to support the verdict or the proof of guilt, although adequate if
taken alone, is against the great weight and preponderance of the evidence.  Zuliani
v. State, 97 S.W.3d 589, 594-95 (Tex. Crim. App. 2003); Dudzik, 276
S.W.3d at 557. 

            Robert Willmon was driving
Bishop from Missouri to Texas for Bishop to get a copy of his birth
certificate.  Bishop testified that he was concerned about Willmon’s use of
methamphetamine during the drive and flushed the remaining methamphetamine down
a toilet at an interstate rest stop.  According to Bishop, Willmon became angry
when he told him what he had done.  Bishop believed Willmon was reaching for a
handgun in the seat between them, so Bishop grabbed it first.  When Willmon
“grabbed something with a blade” and lashed at Bishop, Bishop shot him.  Bishop
testified that he shot Willmon “a few more times” because Willmon “kept coming”
and because he thought Willmon was trying to get a shotgun from behind the
seat.  Willmon got out of the pickup and, according to Bishop, “leaned against
the side of the truck.”

            The State called six
eyewitnesses to testify.  Five testified that they saw Bishop shoot Willmon.  The
sixth, Princess Mills, testified that she heard shots fired then saw Bishop
throw the  handgun in the pickup.  Pedro Gonzales testified that Willmon had
nothing in his hand and made no gestures or threats before Bishop shot him. 
Viewed in the light most favorable to the verdict, this evidence is legally
sufficient to establish the elements of murder and to support the jury’s
rejection of the self-defense claim.  See Saxton, 804 S.W.2d at
914; Dudzik, 276 S.W.3d at 558-59.  Thus, we overrule Bishop’s first
point.

            Bishop contends in his
second point that discrepancies in the witnesses’ testimony cause the evidence
to be factually insufficient with regard to the jury’s rejection of his
self-defense claim.

            It is not disputed that
Willmon ultimately fell to the ground after getting out of the pickup.  According
to Bishop, the primary discrepancy among the eyewitnesses is whether Bishop
walked around the pickup and shot Willmon again after Willmon got out.  Bishop
denies doing so.  Three of the witnesses testified that they saw Bishop
shooting Willmon as he lay beside the pickup.  Torivio Martinez testified that
he saw Bishop shoot Willmon through the cab of the pickup but did not see
Bishop walk around the pickup and shoot Willmon again because he ran to get a
DPS trooper.  Melanie Francis saw Bishop shoot Willmon three or four times from
the passenger side of the pickup and then wander off, but her view of the other
side of the pickup was obstructed.  Mills explained that she did not see Bishop
fire any shots because she was fleeing the scene as she did not know in which
direction he was shooting.

            Bishop also notes
discrepancies among these witnesses regarding whether he was wearing jeans or
shorts and whether he was holding a bottle.  However, the discrepancies in the
witnesses’ testimony go to the credibility of the witnesses and the weight to
be given their testimony.  See Ramon v. State, No. 04-06-00061-CR, 2007
Tex. App. LEXIS 7547, at *15
(Tex. App.—San Antonio Sept. 19, 2007, no pet.); Denson v. State, No. 02-03-00360-CR, 2005 Tex.
App. LEXIS 3075, at *7 (Tex. App.—Fort Worth Apr. 21, 2005, pet. ref’d).  It is
solely within the province of the jury to resolve credibility issues and
determine the weight to be given the testimony.  See Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979); Bartlett v. State, 270 S.W.3d 147, 150 (Tex. Crim. App.
2008); Ramon, 2007 Tex. App. LEXIS 7546, at *15; Denson, 2005
Tex. App. LEXIS 3075, at *7.

            In addition to
discrepancies, Bishop highlights portions of the witnesses’ testimony and other
evidence which support his self-defense claim.  Three witnesses testified that
Bishop and Willmon were arguing or “hollering.”  Many knives were recovered
from the pickup, and a shotgun was recovered from behind the seat.  Bishop also
relies on Martinez’s testimony that he saw something fall inside the pickup
after the initial shooting, suggesting that this testimony supports his own
testimony that Willmon threatened him with a bladed weapon.  However, Martinez
late clarified that he did not see who dropped whatever the object was but
believed that it was “definitely” not Willmon because his hands were both “wide
open before he got shot.”

            The autopsy revealed that
Willmon had been consuming methamphetamine which the medical examiner testified
could definitely cause violent behavior.  The medical examiner also testified
that the trajectory for one of the gunshot wounds “could be” consistent with
Willmon reaching down to get something while sitting in the driver’s seat and
another was “possibly” consistent with him turning around and reaching for
something.

            Viewed in a neutral light,
the evidence is factually sufficient to support the jury's rejection of Bishop’s
self-defense claim and its verdict of guilt.  The evidence supporting the
verdict is not too weak to support the rejection of the self-defense claim and
is not against the great weight and preponderance of the evidence.  See
Dudzik, 276 S.W.3d at 559.  Thus, we overrule Bishop’s second point.

Lesser-Included Offense

            Bishop argues in his third
point that the court erred by denying his request for a charge on the
lesser-included offense of manslaughter.

            To obtain a charge on a
lesser-included offense, (1) the requested instruction must be for a
lesser-included offense of the charged offense under article 37.09 of the Code
of Criminal Procedure, and (2) there must be “some evidence” that, if the
defendant is guilty, he is guilty of only the lesser-included offense.  Flores
v. State, 245 S.W.3d 432, 439 (Tex. Crim. App. 2008).

            Under article 37.09,
manslaughter is a lesser-included offense of murder.  See Tex. Code Crim. Proc. Ann. art.
37.09(3) (Vernon 2006);[1]
Schroeder v. State, 123 S.W.3d 398, 400 (Tex. Crim. App. 2003); Nevarez
v. State, 270 S.W.3d 691, 693
(Tex. App.—Amarillo 2008,
no pet.).  Thus, our inquiry is limited to the issue of whether there is
evidence that Bishop is guilty of only manslaughter, i.e., that he acted
recklessly rather than intentionally or knowingly.

            Texas courts have uniformly
concluded that a defendant who claims to have acted in self-defense cannot also
claim to have acted recklessly.  Nevarez, 270 S.W.3d at 695; Martinez,
16 S.W.3d 845, 848 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d); see
Kennedy, 193 S.W.3d 645, 652 (Tex. App.—Fort Worth 2006, no pet.).  Thus,
we overrule Bishop’s third point.

Trial Court Misconduct

            Bishop claims in his fourth
point that the trial court’s “multiple sua sponte objections to defense
counsel’s cross examination of State’s witnesses” were a comment on the
evidence and unfairly prejudiced him before the jury.  Bishop did not object to
any of the four “objections” identified in his brief.  Therefore, he did not
preserve this issue for appellate review.  See Tex. R. App. P. 33.1(a)(1); Sharpe v. State, 648
S.W.2d 705, 706 (Tex. Crim. App. 1983); Beltran v. State, 99 S.W.3d 807,
811 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d).  Accordingly, we
overrule his fourth point.

Prosecutorial Misconduct

            Bishop avers in his fifth
point that the prosecutor engaged in harmful misconduct by prompting a bailiff
to remove several weapons from the witness stand as Bishop testified and by
making an improper argument regarding parole law.

Removal of Weapons

            Regarding the first
allegation, Bishop complains that during his testimony the bailiff was prompted
by the prosecutor to remove from the witness stand “knives, scissors and a gun”
that had been admitted in evidence.  When the bailiff removed the items, the
court granted Bishop’s request for an instruction to the jury that they “take
no inference” from the bailiff’s actions.  After a brief discussion on the
record, the court permitted the prosecutor to make the following statement in
response to Bishop’s contention that he had instructed the bailiff to remove
the items.  “I simply brought to the bailiff’s attention that there were knives
on the desk so that he would be in a heightened state of awareness.  I did not
ask him to remove the knives.”  Bishop objected to the prosecutor’s statement,
and the court sustained the objection.  The court immediately instructed the
jury, “The jury’s instructed to disregard everything to do with the bailiff
moving stuff, which he wasn’t supposed to do without getting my permission.”

            With regard to this alleged
instance of prosecutorial misconduct, the trial court did everything that
Bishop asked him to, sustaining his objections and instructing the jury twice
on the matter.  To preserve an issue for appellate review, an appellant must
secure an adverse ruling.  See Tex.
R. App. P. 33.1(a)(2); Roberts v. State, 220 S.W.3d 521, 533
(Tex. Crim. App. 2007); Ashire v. State, 296 S.W.3d 331, 343 (Tex.
App.—Houston [1st Dist.] 2009, pet. ref’d).  Bishop did not in this instance.

Argument Regarding Parole Law

            Bishop also claims that the
prosecutor made an improper argument regarding parole law during the punishment
phase.

            In punishment argument,
Bishop asked the jury to impose a sentence of fifteen years so that he could
avail himself of rehabilitation opportunities and “come out a recovered
alcoholic and a recovered addict.”  In response, the prosecutor noted previous
opportunities for rehabilitation which had been available to Bishop but which
he had not taken advantage of.  The prosecutor continued, “The only proper
punishment is to put this man away for the rest of his life.  And if he truly
rehabilitates himself in some way, you leave that to the parole board.”  The
court sustained Bishop’s objection to this argument, instructed the jury to
disregard it, and overruled his motion for mistrial.

            Article 37.07, section 4 of
the Code of Criminal Procedure prohibits a jury from considering how the parole
law may apply to a defendant.  Lane v. State, 303 S.W.3d 702, 718 (Tex.
Crim. App. 2009); see Tex. Code
Crim. Proc. Ann. art. 37.07, § 4 (Vernon Supp. 2009).  The statute
provides in pertinent part that the jury must be instructed as follows
regarding parole law:

            You may consider the
existence of the parole law and good conduct time. However, you are not to
consider the extent to which good conduct time may be awarded to or forfeited
by this particular defendant. You are not to consider the manner in which the
parole law may be applied to this particular defendant.

 

Tex. Code Crim.
Proc. Ann. art. 37.07 § (4)(b).

            In Lane, the Court of
Criminal Appeals rejected a complaint similar to Bishop’s.  In that case, the
appellant complained that he received ineffective assistance of counsel because
of counsel’s failure to object to the following argument:

I said we’re going to ask you to do
something hard.  We’re going to ask you to sentence them to life.  Now,
understand, as the judge’s instructions just explained to you, life doesn’t
necessarily mean life.  Both of these defendants will have the opportunity,
while they are incarcerated, to earn good conduct time and the right to parole.
 You have no say in that.  That, quite frankly, will be up to them.  Whether or
not they make the decision, at that point in their life, to earn it, to prove
they deserve it; because they certainly haven’t proven they deserve it yet.
They'll have that opportunity. It will not be denied them.

 

Lane, 303 S.W.3d at 718.

            The Court held that the
argument was not improper.

            In this case, the
prosecutors merely stated the law and how it could affect applicant.  In Hawkins
v. State, 135 S.W.3d 72, 84 (Tex. Crim. App. 2004), the court held that it
was neither improper for the prosecutor to accurately restate the law given in
the jury charge nor was it improper for the prosecutor to ask the jury to take
the existence of that law into account when assessing punishment.  Thus,
trial counsel’s performance was not deficient for failing to object to the
prosecutors’ argument.

 

Id. at 719.

            The argument in Bishop’s
case was likewise not improper.  Accordingly, we overrule his fifth point.

 

Cumulative Error

            Bishop contends in his sixth
point that the cumulative effect of the errors identified in his appellate
points was so great that reversal is required.  However, we have concluded that
the issues identified in Bishop’s points were either not preserved for
appellate review or did not constitute error.  “[W]e are aware of no authority
holding that non-errors may in their cumulative effect cause error.”  Chamberlain
v. State, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999); see Burrus v.
State, 266 S.W.3d 107, 115 (Tex. App.—Fort Worth 2008, no pet.).  Thus, we
overrule Bishop’s sixth point.

We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed

Opinion
delivered and filed June 30, 2010

Do not publish

[CRPM]









[1]
              Article 37.09(3)
provides, “An offense is a lesser included offense if . . . it differs from the
offense charged only in the respect that a less culpable mental state suffices
to establish its commission.”  Tex. Code
Crim. Proc. Ann. art. 37.09(3) (Vernon 2006).








ustify; line-height: 0.388889in">      Points three and four assert that the trial court committed reversible error by overruling
Appellant's objection to Larry Ware's opinion that Appellant's "peacefulness" and "law abidance"
in the community was "bad." Officer Ware testified that he was a police officer in June 1992; that
he knew Appellant; that he had an opinion as to the "peacefulness" and "law abidance" of
defendant in the community and that it was "bad." Officer Ware's reputation testimony was
admissible. Moreover, if it was not admissible, we hold the matter harmless under this record. 
Tex. R. App. P. 81(a)(2).
      Points three and four are overruled. The judgment is affirmed.
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Thomas,
      Justice Cummings, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed March 8, 1995
Do not publish