NO. 07-10-00405-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 21, 2012

DUSTIN W. NALL, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY;

NO. 1078788D; HONORABLE LOUIS E. STURNS, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Dustin W. Nall appeals from his conviction by jury of capital murder and the automatic life sentence assessed against him. Through one issue, he argues the trial court abused its discretion in failing to instruct the jury on the lesser-included offense of felony murder. We will affirm.

Background

Appellant was charged with capital murder[1] of Bertha Wilkerson through an indictment that alleged he intentionally caused her death by cutting or stabbing her with

[1] Tex. Penal Code Ann. § 19.03(a)(2) (West 2008).

a knife while committing or attempting to commit robbery of the victim. A second paragraph charged he committed the same act while committing or attempting to commit burglary of her habitation. The indictment also included a deadly weapon finding notice and a habitual offender notice. Appellant plead not guilty and went to trial before a jury.

Evidence at trial showed that during the early morning hours of August 4, 2007, the 25-year-old appellant stabbed and killed his uncle, and slashed his girlfriend's throat. These attacks occurred at a motel. Some three hours later, and some two miles away, appellant appeared at the townhouse of Mrs. Wilkerson, his girlfriend's neighbor. There, outside Mrs. Wilkerson's front door, at about 6:30 on that morning, appellant stabbed the 68-year-old woman to death. Appellant entered her townhouse, encountered and threatened her grandson, and took Mrs. Wilkerson's prescription pain medication and keys as he left the home. He was later apprehended in a nearby park. There, officers found a knife, six prescription bottles and Mrs. Wilkerson's keys. Both appellant's uncle's blood and Mrs. Wilkerson's blood was on the knife.

Mrs. Wilkerson's daughter testified appellant had been inside Mrs. Wilkerson's home two to three weeks before her murder. On that occasion, he approached Mrs. Wilkerson in her driveway, asking her to drive him somewhere. Mrs. Wilkerson told appellant she was taking pain medication but agreed to do so. Mrs. Wilkerson went inside her home to wait for appellant and his girlfriend to get ready. During that time, appellant knocked on her door three times, asking for a drink of water. Each time, she

allowed appellant into her kitchen. Mrs. Wilkerson's medications were in plain sight on the end of the table in the dining room.

Appellant did not dispute his responsibility for the deaths of his uncle or Mrs. Wilkerson, or the injuries to his girlfriend. He challenged the evidence indicating the killing of Mrs. Wilkerson was intentional.

Mrs. Wilkerson suffered six stab wounds to the chest, abdomen, neck and the back of her arm near her shoulder. The medical examiner testified the wounds ranged from two to five inches in depth. The wound to the back of her arm was the fatal wound, was five inches in depth, and inflicted with such significant force that the knife was "driven…up to the handle." An artery was severed, causing her to bleed to death. She also had eight defensive wounds. The record describes appellant as about six feet tall, and Mrs. Wilkerson as about five-and-a-half feet tall and obese.

The stab wounds to Mrs. Wilkerson were similar to those inflicted on appellant's uncle, being in "approximately" the same areas of the body and of similar depths.

Appellant asked that the charge authorize the jury to convict him of the lesser-included offense of felony murder. The trial court denied his request, giving the jury the choice of finding him not guilty, or guilty of capital murder. The jury found appellant guilty of capital murder, leading to the automatic life sentence. This appeal followed.

Analysis

In appellant's sole issue on appeal, he argues the trial court abused its discretion in failing to charge the jury on the lesser-included offense of felony murder.

3

The trial court's decision not to submit a lesser-included offense instruction is reviewed for abuse of discretion. *Jackson v. State*, 160 S.W.3d 568, 574 (Tex.Crim.App. 2005); *Threadgill v. State*, 146 S.W.3d 654, 666 (Tex.Crim.App. 2004). The circumstances under which an offense is a lesser-included offense of another are defined by statute. Tex. Code Crim. Proc. Ann. art. 37.09 (West 2006); *Hall v. State*, 225 S.W.3d 524, 527-28 (Tex.Crim.App. 2007).

Texas courts apply a two-step test to determine whether a lesser-included offense instruction requested by a defendant must be given. *Grey v. State*, 298 S.W.3d 644, 645 (Tex.Crim.App. 2009). The first step examines whether the asserted lesser offense is included within the proof necessary to establish the offense charged. *Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex.Crim.App. 1993); *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App. 1981). Application of the first step of the test involves a question of law. *Hall*, 225 S.W.3d at 535.

The second step of the test considers whether there is evidence to permit the jury rationally to find that the defendant, if guilty, is guilty only of the lesser offense**.** *Rousseau*, 855 S.W.2d at 673; *Nevarez v. State,* 270 S.W.3d 691, 693 (Tex.App.— Amarillo 2008, no pet.). Regardless of its strength or weakness, if any evidence raises the issue that the defendant was guilty only of the lesser offense**,** then the charge must be given. *Saunders v. State*, 840 S.W.2d 390, 391 (Tex.Crim.App. 1992). However, it is not enough that the evidence supporting the greater charged offense is weak, the evidence supporting the greater charge is discredited or weakened during cross-examination, or the jury might disbelieve crucial evidence pertaining to the greater

4

offense. *Bignall v. State*, 887 S.W.2d 21, 24 (Tex.Crim.App. 1994). There must be some evidence "directly germane to a lesser included offense for the factfinder to consider before an instruction on a lesser included offense is warranted." *Id*. The evidence must establish that the lesser-included offense is a valid, rational alternative to the charged offense. *Rice v. State*, 333 S.W.3d 140, 145 (Tex.Crim.App. 2011).

"Felony murder" is the murder offense described by Penal Code section 19.02(b)(3). Tex. Penal Code Ann. § 19.02(b)(3) (West 2012); *Contreras v. State*, 312 S.W.3d 566, 5884 (Tex.Crim.App. 2010); *see Lawson v. State*, 64 S.W.3d 396, 397 (Tex.Crim.App. 2001) (Cochran, J., concurring) (discussing history of felony murder). The State agrees with appellant that his capital murder indictment included the elements of felony murder, so the first step of the test was satisfied. *See Salinas v. State*, 163 S.W.3d 734, 741 (Tex.Crim.App. 2005); *Fuentes v. State*, 991 S.W.2d 267, 272 (Tex.Crim.App. 1999) (both finding felony murder as lesser-included offense of capital murder so as to satisfy first step of test).

Appellant could have been found guilty of felony murder without proof he intended to cause Mrs. Wilkerson's death. Tex. Penal Code Ann. § 19.02(b)(3) (West 2012); *Salinas*, 163 S.W.3d at 741; *see Threadgill*, 146 S.W.3d at 665 (person commits felony murder if, in course of felony commission, an unintentional murder is committed). To prove appellant guilty of capital murder under the indictment, the State was required to prove he intentionally caused Mrs. Wilkerson's death. Tex. Penal Code Ann. § 19.03(a)(2) (West 2008) (requiring, for guilt, that person "intentionally commits the murder").

5

Because application of the second step of the test in this case thus requires that the record contain evidence by which the jury rationally could find that appellant, if guilty, is guilty only of felony murder, resolution of his appeal turns on the presence *vel non* of evidence that he did not intend to kill Mrs. Wilkerson. The evidence must be "directly germane" to the absence of an intention to kill, *Bignall*, 887 S.W.2d at 24, and must establish an unintentional killing as a valid, rational alternative to the conclusion he intended to cause her death. *Rice*, 333 S.W.3d at 145.

In some cases there is direct evidence of a defendant's intent in the form of in-court or out-of-court statements by the assailant describing his intentions. In *Ross v. State*, 861 S.W.2d 870 (Tex.Crim.App. 1992), the defendant admitted shooting the victim but claimed the shooting did not happen intentionally. *Id.* at 872. Instead, the defendant asserted, the gun "went off" as he shoved the victim with the gun, which was pointed toward the victim's head. *Id.* The defendant there admitted to committing an act clearly dangerous to human life but denied intent to cause the death. *Id.* Appellant does not cite us to direct evidence of his intent at the time he stabbed Mrs. Wilkerson, and our review of the record reveals none. It was thus necessary for the jury to infer appellant's intentions from the circumstances of the attack. *See Guevara v. State*, 152 S.W.3d 45, 50 (Tex.Crim.App. 2004) (intent may be inferred from the acts, words, and conduct of the accused).

Appellant's earlier attacks on his uncle and girlfriend; his later presence at Mrs. Wilkerson's townhouse, armed with the same knife; the character of her previous dealings with appellant; the disparity in their physical statures; and the multiple stab

6

wounds he inflicted on Mrs. Wilkerson at her front door are among the circumstances supporting the jury's inference his murder of her was intentional. Appellant argues the jury could have determined he appeared at Mrs. Wilkerson's door under the pretext of using the bathroom or borrowing the phone and once inside, planned to steal the medications. Alternatively, he argues, the evidence is susceptible to the conclusion he was surprised by Mrs. Wilkerson while he was loitering outside and in a moment of blind panic, he lashed out at her with the knife, intending only to stop her screaming.

We find the language of the Court of Criminal Appeals in *Rousseau*, which the court quoted in *Fuentes*, 991 S.W.2d at 273, pertinent here: "the possibility that initially or at some point during the commission of the robbery the offender did not have an intent to cause death does not amount to evidence that the offender did not intend to cause the victim's death when the murder was committed." *Rousseau*, 855 S.W.2d at 674. Similarly, that appellant may have intended only to steal Mrs. Wilkerson's medications when he came to her home does not call for the submission of felony murder. Nor can we agree appellant's other suggestion, that his actions were motivated by a panicked effort to stop Mrs. Wilkerson's screaming, calls for the lesser-included submission. To begin with, we see no evidence appellant was surprised by Mrs. Wilkerson, or that he panicked. The argument is based merely on speculation. *See Hooper v. State*, 214 S.W.3d 9, 16 (Tex.Crim.App. 2007) ("[s]peculation is mere theorizing or guessing about the possible meaning of facts and evidence presented"). Moreover, an intention only to stop his victim from screaming is not incompatible with an intention to cause her death. The argument does not demonstrate that if guilty, appellant was guilty only of felony murder. *Rousseau*, 855 S.W.2d at 673. Given the

7

circumstances of his brutal attack on Mrs. Wilkerson, we find unpersuasive appellant's argument the jury rationally could have determined that, while committing a felony, i.e. robbing her of her medications, he killed Mrs. Wilkerson without intending to do so. The evidence does not establish felony murder as a valid, rational alternative to the indicted offense. *Rice*, 333 S.W.3d at 145; *see Mohammed v. State,* 127 S.W.3d 163, 167 (Tex.App.—Houston [1st Dist. 2003, pet. ref'd) (affirming denial of felony murder instruction as lesser-included offense). The evidence thus fails the second step of the *Rousseau* test. The trial court did not abuse its discretion when it refused to instruct the jury on the lesser-included offense of felony murder. We resolve appellant's sole issue on appeal against him and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.