

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-11-00344-CR, 07-11-00345-CR

CYNTHIA RACHELLE YOUNG, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 31st District Court
Gray County, Texas
Trial Court Nos. 8948, 8949, Honorable Steven Ray Emmert, Presiding

August 23, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Cynthia Rachelle Young appeals from her jury convictions of the offenses of murder and aggravated assault and the resulting concurrent sentences of imprisonment for forty years and fifteen years, respectively. She presents three issues.

## Background

Appellant was charged, through two July 2011 indictments, with the murder[1] of her sometime boyfriend, Terry Lee Boaz, and the aggravated assault[2] of Tina Hoskins.

---

[1] Tex. Penal Code Ann. § 19.02(b)(1) (West 2008).

The murder indictment charged that appellant, using a vehicle as a deadly weapon, intentionally and knowingly caused the death of Boaz by causing the motorcycle Boaz and Hoskins were riding to leave the roadway. The aggravated assault indictment similarly alleged appellant intentionally, knowingly or recklessly caused serious bodily injury to Hoskins by causing the motorcycle to leave the roadway, also by use of a deadly weapon, a vehicle.

The offenses were tried together. Because appellant does not challenge the sufficiency of the evidence to support either conviction, we will relate only such evidence as is necessary to an understanding of her appellate issues.

Testimony showed appellant had dated Boaz for two years, and at times the couple lived together. Appellant learned, on the evening of the murder, that Boaz had another woman with him on his motorcycle. A manager of a local bar testified appellant was angry when she came to look for Boaz. He also testified he saw appellant "driving fast down the highway with tires squealing." He noted she turned the corner at a high rate of speed.

Appellant drove a white Ford F350 "dually." Tina Hoskins testified she was riding behind Boaz on the motorcycle, and she noticed a white pickup truck behind them as they left a convenience store. Appellant was driving the truck, and it swerved in their direction. Appellant began to chase the motorcycle through the streets of Pampa.

Hoskins testified their speed during the chase reached speeds over 80 miles per hour. She also testified the truck struck the motorcycle twice. Skid marks were

_____
[2] Tex. Penal Code Ann. § 22.02 (West 2011).

2

observed on streets, sidewalks and grass as far as eight blocks from the eventual crash site. There was evidence the motorcycle traveled on its side for a distance.

The motorcycle left the roadway, coming to rest in some bushes. A responding patrol sergeant reported he found a white pickup crashed sideways into a tree, and two people lying on the ground. Boaz was alive after the crash but lost consciousness and died before reaching the hospital. Hoskins suffered extensive injuries.

A detective testified to his observations that indicated the pickup hit the motorcycle. An expert testified that white paint on the motorcycle could have come from the pickup. A Texas Ranger testified the motorcycle's brakes were being applied at the time of the crash but those of the truck were not.

Witnesses gave varying testimony regarding appellant's mental state immediately after the crash. Hoskins testified that she saw appellant with an elbow on Boaz's throat and heard appellant, speaking on a cell phone, say, "I just killed your f***king daddy."

The patrol sergeant described appellant as "hysterical," and testified she told him she was following Boaz and a car turned in front of him and they wrecked.

Another witness testified he heard the crash, saw appellant get out of the crashed pickup, and heard appellant using foul language and repeating she hoped she "hit him." But he also said he heard appellant tell Boaz, "It's my fault. I can't believe I did this. I hit you."

A witness testified appellant had previously told her she was upset Boaz was seeing another woman and she "would kill them both" if she saw them together. Other

witnesses testified to similar statements and appellant's "barely controlled rage" when she could not find Boaz the night of the murder. Boaz's mother testified that two weeks before he was killed, appellant threatened to kill Boaz if she ever caught him with another woman. A longtime friend of appellant testified appellant told her she hit and killed Boaz. The friend testified appellant also told her she did not "want to hurt him and just wanted him to stop."

Analysis

Lesser-Included Offense

For the offense involving the death of Boaz, the trial court included in the charge to the jury instructions on the lesser-included offenses of manslaughter and criminally negligent homicide. *See* Tex. Penal Code Ann. §§ 19.04, 19.05 (West 2012). The jury was not charged on lesser-included offenses in the aggravated assault of Hoskins case. In both cases, appellant contended at trial she was entitled to an instruction on deadly conduct as a lesser-included offense. *See* Tex. Penal Code Ann. § 22.05 (West 2011). By her first two issues, appellant argues the trial court reversibly erred by failing to offer the jury the choice of conviction on the offense of deadly conduct. We disagree.

The trial court's decision not to submit a lesser-included-offense instruction is reviewed for abuse of discretion. *Jackson v. State*, 160 S.W.3d 568, 574 (Tex.Crim.App. 2005); *Threadgill v. State*, 146 S.W.3d 654, 666 (Tex.Crim.App. 2004). The circumstances under which an offense is a lesser-included offense of another are defined by statute. Tex. Code Crim. Proc. Ann. art. 37.09 (West 2006); *Hall v. State*, 225 S.W.3d 524, 527-28 (Tex.Crim.App. 2007).

Texas courts apply a two-step test to determine whether a lesser-included-offense instruction requested by a defendant must be given. *Grey v. State*, 298 S.W.3d 644, 645 (Tex.Crim.App. 2009). The first step examines whether the asserted lesser offense is included within the proof necessary to establish the offense charged. *Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex.Crim.App. 1993); *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App. 1981). Application of the first step of the test involves a question of law. *Hall*, 225 S.W.3d at 535.

The second step of the test considers whether there is evidence to permit the jury rationally to find that the defendant, if guilty, is guilty only of the lesser offense. *Rousseau*, 855 S.W.2d at 673; *Nevarez v. State,* 270 S.W.3d 691, 693 (Tex.App.—Amarillo 2008, no pet.). Regardless of its strength or weakness, if any evidence raises the issue that the defendant was guilty only of the lesser offense, then the charge must be given. *Saunders v. State*, 840 S.W.2d 390, 391 (Tex.Crim.App. 1992). However, it is not enough that the jury might disbelieve crucial evidence pertaining to the greater offense. *Bignall v. State*, 887 S.W.2d 21, 24 (Tex.Crim.App. 1994). There must be some evidence "directly germane to a lesser included offense for the factfinder to consider before an instruction on a lesser included offense is warranted." *Id*. The evidence must establish that the lesser offense is a valid, rational alternative to the charged offense. *Rice v. State*, 333 S.W.3d 140, 145 (Tex.Crim.App. 2011).

Because we find no evidence that would establish deadly conduct as a valid, rational alternative to either of the charged offenses, murder and aggravated assault, we address only the second step of the test.

Murder

By the indictment, the State alleged appellant intentionally and knowingly caused Boaz's death by using a deadly weapon, her truck, to run his motorcycle off the road. *See* Tex. Penal Code Ann. § 19.02(b)(1) (West 2008).

The jury could have convicted appellant of manslaughter on proof that she recklessly caused Boaz's death. Tex. Penal Code Ann. § 19.04 (West 2013). It could have convicted her of criminally negligent homicide if it found she caused Boaz's death by criminal negligence. Tex. Penal Code Ann. § 19.05 (West 2013).

A person commits the offense of deadly conduct if she "recklessly engages in conduct that places another in imminent danger of serious bodily injury." Tex. Penal Code Ann. § 22.05(a) (West 2012). To prove deadly conduct, the State thus would have been required to show only that appellant recklessly engaged in conduct that placed Boaz in imminent danger of serious bodily injury. Tex. Penal Code Ann. § 22.05(a) (West 2011).

Appellant points out that all three of the offenses on which the jury was charged in the murder case required proof that she caused Boaz's death. Tex. Penal Code Ann. § 19.02(b)(1) (West 2008); Tex. Penal Code Ann. §§ 19.04, 19.05 (West 2012). And, she asserts, there was evidence by which the jury could have determined that her conduct did not cause the motorcycle to crash and thus did not cause his death.

Appellant did not testify at trial, but as noted the jury heard testimony of several of her statements. By those statements, it is clear appellant never denied chasing Boaz's motorcycle with her truck at a high rate of speed. Her theory at trial was the

crash that resulted in Boaz's death was not caused by her hitting the motorcycle with her truck but was instead the result of an intervening cause. To support her theory of an intervening cause and her entitlement to the lesser-included-offense instruction, appellant relies on appeal on (1) the opinion testimony of her accident reconstruction expert to the effect that appellant's truck never actually hit the motorcycle during the chase and the motorcycle crashed when it entered a dip in the roadway at an intersection and "bottomed out" from its high speed and the combined weight of its two riders; (2) testimony of appellant's own statement made the day after Boaz died that she did not think she had hit Boaz so that "he would spin out or make him hit the tree"; (3) testimony of another statement of appellant to the effect she and Boaz had been fighting and had crashed into each other, but that she was unable to explain how except that "a car pulled out in front of them and . . . they wrecked"; and (4) testimony of a State witness concerning a text message she received from appellant the day after the incident, in which appellant stated that as she was chasing Boaz around town "she tried to pass him and clipped it" and that "she thought he made the curve . . . and hit a tree."

The best that can be said of appellant's alternative causation theories is that they present possible concurrent causes of the motorcycle's crash. Said the other way, under any of the alternative causation theories suggested by the evidence she cites, appellant's conduct was at the least a concurrent cause. Any causation scenario suggested by her cited evidence includes appellant's intentional close pursuit of the motorcycle with her truck at very high speeds through city streets. Under section 6.04 of the Penal Code, a "but for" causal connection is required between the defendant's conduct and the resulting harm. *Robbins v. State*, 717 S.W.2d 348, 351 (Tex.Crim.App. 1986). If concurrent causes are present, section 6.04 provides two possible

7

combinations to satisfy the "but for" requirement: (1) the defendant's conduct may be sufficient by itself to have caused the harm, regardless of the existence of the concurrent cause; or (2) the defendant's conduct and the other cause together may be sufficient to have caused the harm. If, however, the additional cause is clearly sufficient by itself to produce the result and the defendant's conduct alone is clearly insufficient, the required causal connection is not present. *Id.*[3]

None of the evidence to which appellant points presents a possible cause clearly sufficient by itself to have caused the motorcycle crash, nor does it suggest that appellant's conduct of pursuing the motorcycle through city streets at high speeds was alone clearly insufficient. Because the evidence appellant cites would not refute or negate, *see Saunders*, 840 S.W.2d at 391, the required causal connection between her conduct and Boaz's death, it would not permit the jury rationally to find that, if guilty, she is guilty only of deadly conduct.

Aggravated Assault

The same analysis applies to appellant's second issue, by which she contends she was entitled to an instruction on deadly conduct as a lesser-included offense to the aggravated assault of Hoskins. Under the aggravated assault charge, the State undertook to prove appellant intentionally, knowingly or recklessly caused serious bodily injury to Hoskins by using her truck, a deadly weapon, to run the motorcycle Hoskins was riding off the road. Tex. Penal Code Ann. § 22.02 (West 2011) (defining

---

[3] The causation standard also requires consideration of the foreseeability of the injurious consequences of the defendant's conduct. *Williams v. State,* 235 S.W.3d 742, 764-65 (Tex.Crim.App. 2007).

aggravated assault); Tex. Penal Code Ann. § 22.01 (West 2009) (defining simple assault).

Appellant again argues she was entitled to a jury instruction permitting conviction of deadly conduct, again on the theory that some evidence showed her conduct was not the cause of Hoskins' injuries. To support a conviction for deadly conduct, the evidence would have to show merely that appellant placed Hoskins in imminent danger of serious bodily injury, regardless whether she actually caused serious bodily injury, or any bodily injury at all. Tex. Penal Code Ann. § 22.05(a) (West 2011).

Appellant relies here on the same evidence she cited in support of her first issue. But as that evidence, if believed by the jury, would not rationally have permitted the jury to find appellant was not criminally responsible for causing Hoskins' injuries, it could not support a verdict that if guilty, she was guilty only of deadly conduct. *See* Tex. Penal Code Ann. § 6.04(a) (West 2012); *Robbins*, 717 S.W.2d at 351. The trial court did not err in refusing to submit an instruction on deadly conduct as a lesser-included offense of aggravated assault.

We resolve appellant's first two issues against her.

Cumulation of Fine

In her last issue, appellant contends the trial court erred in cumulating the fines for each of her convictions when the sentences were ordered to run concurrently. The State agrees, and we sustain the issue. *See State v. Crook,* 248 S.W.3d 173, 177 (Tex.Crim.App. 2008) (where sentences ordered to run concurrently, improper to cumulate fines).

9

Conclusion

We modify the aggravated assault judgment, trial court cause number 8949, to delete the $10,000 fine, leaving the fine only in the judgment convicting appellant of murder, trial court cause number 8948.  We affirm the judgment in cause number 8948, and affirm the judgment in cause number 8949 as modified.


James T. Campbell
Justice

Do not publish.