

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00253-CR

SETH MICHAEL DAVIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 64th District Court
Swisher County, Texas
Trial Court No. A-4935-22-05, Honorable Danah L. Zirpoli, Presiding

July 3, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Seth Michael Davis, appellant, was convicted of murder and sentenced to fifty years imprisonment. He shot the decedent at a party, as the decedent approached him. Allegedly, he feared for his safety at the time, though he also purportedly did not intend to shoot. Three issues pend for review. They involve the trial court's failure to 1) hold a hearing on his motion for a new trial, 2) instruct the jury on the lesser-included offense of manslaughter, and 3) grant his motion for mistrial due to a courthouse demonstration by the victim's family. We affirm.

***Issue One***

Appellant first asserts the trial court erred by denying his motion for a new trial because his motion raised matters that were not determinable from the record. The matters, as expressed in his appellant's brief, were: 1) "specific essential, relevant, and material witnesses were identified as not compelled to appear"; 2) "[t]he voir dire process was indelibly tainted by the actions of the decedent's family in the presence of the Jury Pool"; 3) "[t]he Jury panel presumption of innocence was undermined by Jury Pool members being allowed to view the Defendant 'transported back and forth' shackled by Jailers"; 4) "[a] member of the Jury Pool was Appellant's jailer" who "ate lunch with the appellant and discussed the case"; 5) "[t]he [appellant] wished to raise a useful claim of ineffective assistance of Counsel against Trial Counsel"; and 6) "[t]he Trial Court refused to include absolutely required jury instructions for lesser-included offenses." We overrule the issue.

A hearing on a motion for new trial serves two purposes: 1) to determine whether the case should be retried and 2) to complete the record for presenting issues on appeal. *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009). One has no absolute right to such a hearing, though. *Id.* Rather, it is dependent upon filing a motion for new trial with accompanying affidavits that 1) raise matters which are not determinable from the record and 2) establish reasonable grounds showing that the defendant could potentially be entitled to relief. *Id.* Furthermore, the affidavits must include sufficient facts showing reasonable grounds to demonstrate that he could prevail. *Id.* at 199–200; *see Dora v. State*, No. 07-21-00293-CR, 2023 Tex. App. LEXIS 9081, at *6 (Tex. App.—Amarillo Dec. 5, 2023, pet. granted in part) (mem. op., not designated for publication) (requiring the affidavits to reveal the factual basis for the claim; *accord Grant v. State*, 172 S.W.3d 98,

2

101 (Tex. App.—Texarkana 2005, no pet.) (stating that when factual matters asserted in a motion for new trial are outside the record, an affidavit "specifically showing the truth of the grounds of attack" is necessary). Furthermore, if the affidavit is conclusory, unsupported by the facts, or fails to provide the requisite notice of the basis for claimed relief, no hearing is required. *Dora*, 2023 Tex. App. LEXIS 9081, at *6.

Regarding the allegation pertaining to missing witnesses, it is bereft of attested factual support. Appellant failed to reveal facts depicting the content and relevance, if any, of their testimony. Rather, we and the trial court were left to speculate on whether their testimony would be of any consequence. Thus, appellant did not satisfy the second prong; that is, he did not provide facts illustrating reasonable grounds showing potential entitlement to relief.

As for the allegation of ineffective assistance, appellant did not state his attorney was ineffective in any particular matter. Instead, he asserted that he "may wish to contend that the Trial Counsel's performance was deficient" and "an evidentiary hearing on the motion for a new trial will allow the Defendant to develop" the matter. Such effort is nothing more than the fishing expedition for which a hearing is unnecessary. *See Hobbs*, 298 S.W.3d at 199 (stating that the second prong to the test limits and prevents "'fishing expeditions'"). Nor did appellant endeavor to establish reasonable grounds demonstrating any supposed ineffectiveness by counsel caused prejudice. That too relieved the trial court from convening an evidentiary hearing on the matter. *Id.*

As for the allegation of a jury pool member having eaten lunch and discussed the case, the member was not selected to sit on the jury. How that circumstance prejudiced him went unexplained. Nor was the matter of prejudice supported by factual development in either the amended motion for new trial or rather terse affidavit. Thus, again, appellant

3

did not satisfy the second prong, that relating to establishing reasonable grounds showing potential relief.

The disruption caused by protesting family members was broached to the court during trial and formed the basis of appellant's motion for mistrial. The same is true of the request for an instruction on the lesser-included offense of manslaughter; it too was raised and rejected at trial. Consequently, the matter was determinable from the existing record, thereby dispensing with the need for a post-trial evidentiary hearing.

As for the jury pool's seeing appellant being "'transported back and forth' shackled by Jailers," no facts accompanied the allegation which suggested that the purported viewing was more than momentary, inadvertent, or fortuitous. This is of import since "[b]rief views of a restrained or jail-clothed defendant do not require reversal." *Medellin v. State*, No. 07-16-00243-CR, 2017 Tex. App. LEXIS 6656, at *6 (Tex. App.—Amarillo July 18, 2017, no pet.) (mem. op., not designated for publication) (quoting *Young v. State*, No. 09-06-00429-CR, 2007 Tex. App. LEXIS 5864 (Tex. App.—Beaumont July 25, 2007, pet. ref'd) (mem. op., not designated for publication)). The need to reverse arises only when the accused is restrained or forced to wear jail clothing throughout trial or the restraint hampers communication with counsel. *Id.* at *6–7. So, again, the allegations within the amended new trial motion and accompanying affidavit failed to establish reasonable grounds showing potential relief.

### *Issue Two*

Appellant next contends that the trial court erred by failing to include a lesser-included offense, manslaughter, in the jury charge. We overrule the issue.

The record reflects appellant's trial strategy was that he was justified in shooting the decedent in self-defense. Indeed, he sought and received an instruction on self-

4

defense. "[T]he justification of self-defense is inconsistent with a claim that the defendant acted only recklessly," for purposes of receiving a lesser-included offense charge on manslaughter. *Nevarez v. State*, 270 S.W.3d 691, 694–95 (Tex. App.—Amarillo 2008, no pet.); *see Guerra v. State*, No. 07-21-00305-CR, 2022 Tex. App. LEXIS 8828, at *3 (Tex. App.—Amarillo Dec. 1, 2022, no pet.) (mem. op., not designated for publication) (stating same). Consequently, the trial court did not err in withholding the instruction sought. *See Nevarez*, 270 S.W.3d at 695.

### Issue Three

Finally, appellant decries the trial court's rejection of his motion for mistrial. The motion was made during trial and after members of the decedent's family purportedly engaged in a protest outside the courtroom. We overrule the issue.

We preliminarily note that appellant supported his issue with photographs of the interior halls outside the 64th District courtroom in Swisher County. Those pictures were attached to his brief. They are not part of the appellate record. Because we cannot consider any item that is not a part of the record on appeal, *see Johnson v. State*, 624 S.W.3d 579, 585 (Tex. Crim. App. 2021), the pictures are beyond our purview.

Second, after the disruption occurred, appellant broached it and moved for a mistrial. No lesser form of relief, such as an instruction to disregard, was sought. This is problematic. Where a party's first action is to move for mistrial, the scope of appellate review is limited to the question whether the trial court erred in not taking the most serious action of ending the trial. *Young v. State*, 137 S.W.3d 65, 70 (Tex. Crim. App. 2004). In other words, an event that could have been prevented by timely objection or cured by instruction to the jury will not lead an appellate court to reverse a judgment on an appeal by the party who did not request these lesser remedies, like an instruction to disregard.

5

*Id.* So, in that situation if a curative instruction would have sufficed, it cannot be said that the trial court abused its discretion to deny mistrial. *See Lee v. State*, 549 S.W.3d 138, 145 (Tex. Crim. App. 2018). Indeed, the burden then lies with the appellant to establish that an instruction to disregard would not have cured any potential prejudice. *See Cruz-Banegas v. State*, No. 05-21-00256-CR, 2022 Tex. App. LEXIS 4322, at *13–14 (Tex. App.—Dallas June 23, 2022, pet. ref'd) (mem. op., not designated for publication). Moreover, an instruction to disregard generally suffices to cure impropriety caused by outbursts. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010).

Again, appellant did not ask for lesser relief. Nor did he brief, on appeal, whether lesser relief such as a timely instruction to disregard would have cured any prejudice caused by the family outbursts. Rather, he seems to criticize the trial court for not sua sponte instructing the jury to disregard it. Given these circumstances, we cannot say he carried his burden to show the trial court erred.

The judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.